Mike PICARONI et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 35297.

Court of Criminal Appeals of Texas.

Jan. 30, 1963.

recites that the principal "stands charged with felony theft" and contains the usual provision that the principal "there remain from day to day and from term to term of said Court until discharged by due course of law, then and there to answer the accusation against him."

Judgment nisi was entered in Criminal District Court on March 1, 1962, reciting: "And it appearing to the Court that the defendant Mike Picaroni as principal, together with Brooks Holman and ———, as sureties, on the 8th day of January, A. D. 1962, did enter into a Bail bond, payable to The State of Texas, in the penal sum of One Thousand Dollars ($1,000.00) conditioned that the defendant, as principal, should well and truly make his personal appearance, *instanter, before the Honorable Criminal District Court* of Travis County, Texas, at the Courthouse of said County, in the City of Austin, Texas, *at the January Term* of said Court, and there remain from day to day and from term to term of said Court until discharged by due course of law, then and there to answer the State of Texas upon a charge by Indictment therein filed accusing him of the offense of a felony, to-wit: Felony Theft."

The scire facias or citation to the surety stated the condition of the bond as requiring the personal appearance of the principal *before the Honorable Criminal District Court* of Travis County, Texas, *on the 9th day of January, A. D. 1962,* to answer a charge *by indictment* accusing him with the offense of theft.

Evidence was introduced showing the return of an indictment against Mike Picaroni in Cause No. 33,400; his failure to appear when such case was called and the forfeiture by judgment nisi. The indictment, judgment nisi and citation to the surety were introduced.

The appellant filed in order: (1) a plea to the jurisdiction of the Criminal District Court; (2) a motion to set aside the judgment nisi; (3) motion to quash the citation or scire facias, each of which was over-

Brooks Holman, Austin, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

This is an appeal by Brooks Holman, surety, from a judgment entered in Criminal District Court of Travis County forfeiting a bail bond.

The bond, dated January 8, 1962, is in the sum of $1000. It is conditioned that the principal, Mike Picarone, make his appearance *before the Justice Court* of Travis County, Texas, Precinct No. 3, on the 9th day of January 1962 at 10:00 *P. M.* It

ruled. He also filed a verified general denial.

Prior to the enactment of Art. 275a, Vernon's Ann.C.C.P., the variance between the bail bond and the scire facias or citation to the surety would have been fatal. Bonds v. State, 162 Tex.Cr.R. 419, 286 S.W.2d 313.

Art. 275a, V.A.C.C.P., provides in part:

"Section 1. Where a defendant, in the course of a criminal action, gives a bail bond or enters into a recognizance before any court or person authorized by law to take same, for his personal appearance before a court or magistrate, to answer a charge against him, the said bond or recognizance shall be valid and binding upon the defendant and his sureties thereon, for the defendant's personal appearance before the court or magistrate designated therein, *and for any and all subsequent proceedings had relative to the charge,* and each such bail bond or recognizance shall be so conditioned except as hereinafter provided.

"Sec. 2. When a defendant has once given a bail bond or entered into a recognizance for his appearance in answer to a criminal charge, he shall not be required to give another bond nor enter into another recognizance *in the course of the same criminal action* except as herein provided."

The question of whether these statutory provisions may be read into a bail bond, or whether such a bond may be construed in the light of said statute to require the principal's appearance in District Court need not be passed upon. This record does not show that the principal was committed to await the action of the grand jury, and no proof was offered showing that the indictment returned against the principal was for the same offense that was charged against him in the Justice Court. Whether he appeared before the magistrate, as the bond required, or not, and whether an examining trial was held or was waived, does not appear. For aught this record shows, the magistrate could have discharged the defendant.

It follows that we are in no position to say that the bond for the appearance of the principal in the Justice Court on January 9, 1962, by reason of Art. 275a, V.A.C.C.P., became an obligation binding the principal and surety for the principal's appearance in Criminal District Court *instanter at the January Term,* as stated in the judgment nisi, or *on the 9th day of January 1962,* as the citation or scire facias shows, or for his appearance in any court other than the Justice Court of Precinct No. 3 at any time.

The judgment is reversed and the cause remanded.