**Gussie Lee BARNETT et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

No. 36352.

Court of Criminal Appeals of Texas.

Dec. 18, 1963.

C. C. Divine, Houston, for appellants.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Ripley Woodard, Asst. Dist. Attys., Houston and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

This is an appeal by C. C. Divine and H. G. Divine, the sureties on the bail bond of Gussie Lee Barnett in the sum of $400, from a judgment rendered in County Court at Law No. 1 of Harris County forfeiting said bond.

The question which we deem controlling is whether the bail bond bound the principal to appear in County Court at Law No. 1 to answer in the cause in which the bond was forfeited.

The prosecution in County Court at Law No. 1 was instituted on January 26, 1961, by the filing of a complaint and information in Cause No. 151604 alleging the offense of shoplifting and the removal of six pounds of sausage of the value of less than $50. The complaint was made by Hope Williams.

The appearance bond forfeited was dated, approved and filed in Justice Court, Precinct No. 1 of Harris County, on January 24, 1961, in Cause No. 244816. It was later filed in the County Court at Law No. 1 in Cause 151604. The bond recites that the principal had been arrested on a charge of misdemeanor theft by virtue of a warrant issued by Thos. M. Maes, Justice of the Peace, Precinct No. 1 of Harris County, and bound the principal to appear before said Justice of the Peace instanter.

■ It is the state's position that the bail bond bound the principal to appear in County Court at Law No. 1 to answer the complaint and information charging shoplifting under Art. 275a Vernon's Ann.C.C. P., and the provision of the bond "and shall personally appear for any and all subsequent proceedings had relative to the above charges before the grand jury of said county *and before any court of said county in which said subsequent proceedings may be pending.*"

We are unable to agree with such contention.

The complaint in the Justice Court in the Cause in which the appearance bond was entered into was made by Parks Kirkland and was filed on January 23, 1961. It charged the felony offense of theft of edible meat, an offense of which neither the Justice Court nor the County Court at Law had jurisdiction to try.

It is true that under Art. 1436e, Sec. 7, Vernon's Ann.P.C., the state had authority to elect to prosecute the principal for the felony offense of theft of edible meat or to prosecute for shoplifting, a misdemeanor. However, the proceeding instituted in County Court at Law No. 1 by the filing of a complaint and information alleging the offense of shoplifting is not, under the record, a "subsequent proceeding" had relative to the felony charge filed in Justice Court.

In Picaroni et al. v. State, Tex.Cr.App., 364 S.W.2d 240, the bail bond for the principal's appearance before a magistrate to answer a charge of felony theft was forfeited in District Court. We reversed, pointing out that we were in no position to say that the bond by reason of Art. 275a V.A.C.C.P. became an obligation binding the principal and sureties for the principal's appearance in the district court, or in any court other than Justice Court, because the record did not show that the principal had been committed to await the action of the grand jury or that the indictment returned against him was for the same offense charged against him in Justice Court.

In the absence of any action of the Justice of the Peace in regard to the complaint before him other than as indicated by the stamp thereon: "Transferred to the District Attorney", we hold that the charge in County Court at Law No. 1 was not "the same criminal action" as that in which the forfeited bond was given.

■ We further note that the bond forfeited is defective in that it recites that the principal was charged with misdemeanor theft, whereas the complaint was for theft of pork sausage (edible meat), a felony. Under Art. 273 C.C.P., one of the requisites of a bail bond is: "If the defendant is charged with a felony, that it state that he is charged with a felony. If the defendant is charged with a misdemeanor, that it state he is charged with a misdemeanor."

The judgment is reversed and the cause is remanded.