**Wallace W. SHROPSHIRE et al.,
Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 41616.**

Court of Criminal Appeals of Texas.

Nov. 20, 1968.

John Flanagan, Austin, for appellants.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a bond forfeiture.

Judgment nisi was entered in the 147th District Court of Travis County on January 4, 1968, reciting that Merlin Dayton charged by indictment in said court with the felony offense of theft by false pretext failed to appear according to the tenure and effect of his bond on file in said county; declaring the bond forfeited and ordering that the State of Texas recover of the said Merlin Dayton as principal and Wallace W. Shropshire as surety on said bond the sum of $1000.

The surety having answered, judgment was rendered after hearing on June 6, 1968, making the judgment nisi final.

Appeal was perfected to this Court from such final judgment of forfeiture.

It appears from the record that on October 13, 1967, there was conducted in the 147th Judicial District Court a court of inquiry. At the conclusion of such hearing the court issued a warrant of arrest for Merlin Dayton for the offense of theft by false pretext. Article 52.08, Vernon's Ann. C.C.P.[1] No written complaint was filed and the offense is not otherwise identified in the arrest warrant. The record reveals that the bond forfeited was signed, taken and approved by a deputy sheriff on October 13, 1967. It recites:

"THE CONDITION OF THE ABOVE OBLIGATION IS SUCH that whereas the above named principal, Merlin Dayton stands charged by complaint duly filed in the 147th District Court, of Travis County, Texas with the offense of a felony, to-wit:

"THEFT BY FALSE PRETEXT

"And the said Merlin Dayton was, by order of said Magistrate, required to give bail in the sum of $1000.00 for his personal appearance before the 147th District Court of Travis County, Texas.

"NOW if the said Merlin Dayton shall well and truly make his personal appearance instanter before the 147th District Court of Travis County, Texas, at its present term, if now in session, or at its next regular term if now in vacation, to be held at the Court House of Travis County, in the City of Austin, Texas, and further, shall well and truly make his personal appearance before the said 147th District Court of Travis County, Texas, in any and all subsequent proceedings that may be had relative to the said charge in the course of the criminal action based on said charge, and there remain from day to day and from term to term of said Court, until discharged by due course of law, then and there to answer said accusation against him, this obligation shall become void; otherwise to remain in full force and effect."

The record further reflects that the indictment in Cause # 38411 was returned to the 147th District Court on December 21, 1967. Said indictment did not charge the appellant Dayton with the offense of theft by false pretext, a felony, but charged him with the offenses of forgery and uttering and passing as true a forged instrument.

---

1. Article 52.08, V.A.C.C.P. reads: "If it appear from a Court of Inquiry or any testimony adduced therein, that an offense has been committed, the Judge shall issue a warrant for the arrest of the offender as if complaint had been made and filed."

On January 4, 1968, when said Cause .# 38411 was called, the appellant Dayton failed to appear and the court entered a judgment nisi forfeiting the bond. The judgment nisi, as well as the final judgment, reflects that the bond was forfeited when the appellant failed to appear to answer a charge · by indictment filed in the 147th District Court accusing the appellant Dayton of the offense of a felony, to-wit: theft by false pretext. The undisputed evidence before us reflects, however, that the appellant Dayton has never been indicted for theft by false pretext in the 147th District Court of Travis County. At the hearing the district attorney testified and called attention to the fact that the judgment nisi was incorrect in its recitals. ·

While we have not been favored with a brief by the State, it appears to be its position that the forgery and passing indictment grew out of the subject matter of the court of inquiry which was submitted to the grand jury and that the judgment forfeiting the bond in question is valid.

It is observed that Article 17.09, V.A.C.C.P. provides in part as follows:

"Sec. 1. Where a defendant, in the course of a criminal action, gives bail before any court or person authorized by law to take same, for his personal appearance before a court or magistrate, to answer a charge against him, the said bond shall be valid and binding upon the defendant and his sureties, if any, thereon, for the defendant's personal appearance before the court or magistrate designated therein, as well as before any other court to which same may be transferred, *and for any and all subsequent proceedings had relative to the charge,* and each such bond shall be so conditioned except as hereinafter provided.

"Sec. 2. When a defendant has once given bail for his appearance in answer to a criminal charge, he shall not be required to give another bond *in the course of the same criminal action* except as herein provided." (Emphasis supplied)

■ Even if it could be determined that Cause # 38411 was a subsequent proceeding relative to the original charge, the judgment nisi and final judgment should not have been entered reflecting that Dayton failed to appear and answer a non-existent indictment. We cannot, however, agree with the apparent contention of the State that this was a "subsequent proceeding."

■ In light of the record before us, we conclude that the evidence is insufficient to show the bond forfeited was conditioned for Dayton's appearance to answer to the felony offense (forgery, etc.) charged in the case in which the bond was forfeited. Therefore, the judgment forfeiting the bond cannot stand. Picaroni v. State, Tex. Cr.App., 364 S.W.2d 240; Barnett v. State, Tex.Cr.App., 373 S.W.2d 492.

The judgment is reversed and cause remanded.