## INTERNATIONAL FIDELITY INSURANCE COMPANY, Appellant,

v.

## The STATE of Texas, Appellee.

### No. 46437.

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Joseph (Sib) Abraham, Jr., Anthony C. Aguilar, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., Gary B. Weiser, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal by the surety on an appearance bond from a final judgment forfeiting said bond.

The only point of error urged for reversal is an alleged fatal variance between the bond and the judgment nisi.

The bond recites the principal "stands charged with a felony, to-wit: Swindling w/worthless checks over $50." The judgment nisi recites the principal failed to appear "upon a charge by indictment . . . accusing him [the principal] of the offense of giving a check in the amount of $50 and over without sufficient funds."

It is only necessary that a bond describe the offense as a *felony* or as a *misdemeanor*. Article 17.08, subd. 3, Vernon's Ann.C.C.P., Holley v. State, 70 Tex. Cr.R. 511, 157 S.W. 937 (1913); Pharis v. State, 362 S.W.2d 857 (Tex.Cr.App. 1962) and Hollins v. State, 427 S.W.2d 865 (Tex.Cr.App.1968). Further description in the bond is surplusage. Briggs v. State, 87 Tex.Cr.R. 473, 222 S.W. 246 (1920). Therefore, the recitations from the bond

and the judgment nisi quoted above show no variance.

The appellant does not contend that *the* criminal act allegedly committed by the principal and described in the bond as "a felony, to-wit: Swindling w/worthless checks over $50" is in fact a different criminal act than the one for which the principal was indicted and which is described in the judgment nisi as "the offense of giving a check in the amount of $50 or over without sufficient funds." See and compare Picaroni v. State, 364 S.W.2d 240 (Tex.Cr.App.1963); Barnett v. State, 373 S.W.2d 492 (Tex.Cr.App.1963) and Shropshire v. State, 433 S.W.2d 898 (Tex.Cr.App.1968).

The judgment is affirmed.

Opinion approved by the Court.