NUMBERS
13-04-046-CV AND 13-04-047-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

EDDIE TREVINO, JR.,                                               Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                  On
appeal from the 103rd District Court

                          of
Cameron County, Texas.

__________________________________________________________________

 

                     MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 








These appeals are from final judgments forfeiting bail bonds after
entry of  judgments nisi.[1]  By two points of error, appellant and surety,
Eddie Trevino, Jr., complains the trial court erred (1) in granting final
judgments because there was a fatal variance between the offense for which
principal, Arturo Perez, failed to appear and the offense for which Trevino
agreed to act as surety on the bail bonds, and (2) in taking judicial notice of
its criminal files.[2]  We affirm.

I.  Background

All issues of law presented by this case are well settled, and the
parties are familiar with the facts. 
Therefore, we will not recite the law or the facts in this memorandum
opinion, except as necessary to advise the parties of the Court's decision and
the basic reasons for it.  See Tex. R. App. P. 47.4.

II.  Analysis

By his first point of error, Trevino contends that the trial court
erred in entering final judgments for the State because it was not obvious from
the evidence that the offense cited in the judgment nisi was the same
offense on which he had agreed to act as surety on the bail bonds; thus, a
fatal variance existed.  We disagree.








Article 22.13 of the code of criminal procedure provides that a surety
will be exonerated from liability if "the bond is, for any cause, not a
valid and binding undertaking in law."  Tex. Code Crim. Proc. Ann. art.
22.13(a)(1) (Vernon Supp. 2004-05). 
Article 17.08 sets forth the requisites of a bail bond, which include,
"[t]hat the defendant and his sureties, if any, bind themselves that the
defendant will appear before the proper court or magistrate to answer the
accusation against him[.]" Id. at art. 17.08(2) (Vernon 2005).  "In bail bond forfeiture trials, the
State has the burden of proof."  Williams
v. State, 82 S.W.3d 788, 790 (Tex. App.BCorpus Christi 2002, no pet.).  "The bond and the judgment nisi
are the two essential elements of the State=s cause of action."  Id. 
A trial court may take judicial notice of the judgment nisi.  Id. (citing Hokr v. State, 545
S.W.2d 463, 466 (Tex. Crim. App. 1977)).

In each underlying case, a $25,000.00 bail bond signed by Trevino and
Perez was admitted into evidence at the final hearing, and the trial court took
judicial notice of the judgment nisi. 
Each bond identified the charge against Perez as a felony "to
wit:  Theft by Possession."  Each judgment nisi set out that the
indictment accused Perez of engaging in organized criminal activity, a felony,
and that Perez failed to appear and answer on his behalf.[3]  Without objection, the State also requested that the trial court take
judicial notice of the criminal file.








Having taken judicial notice of its file, specifically the indictment
and the surety bonds, and before entering final judgments, the trial court
found that the criminal indictment charged Perez with four separate acts of
theft by possession with each act constituting a criminal conspiracy, and that
all offenses arose out of the same criminal episode.  While acknowledging that the original charge
as presented before the magistrate was theft by possession, the trial court
concluded that the original bonds carried over to the indictment.

From the indictment it can be determined that the organized criminal
activity allegations arose from the same criminal episode as the alleged acts
of theft by possession and that Perez was charged with separate acts of theft
by possession with each act constituting the felony of engaging in organized
criminal activity, a criminal conspiracy. 
Based on the record before us, including the trial court's findings set
out above, we conclude the variance, if any, between the bail bonds signed by
appellant and the judgment nisi was reconciled and, thus, was not fatal.[4]  We overrule Trevino's first point of error.

III.  Conclusion

Accordingly, we affirm the trial court=s judgments.                                                                                 

NELDA
V. RODRIGUEZ

Justice

Memorandum Opinion
delivered and filed

this 14th day of July,
2005.











[1]Because the cases arise from the
same fact situation and present the same issues for our review, they will be
disposed of in a single opinion.





[2]In point of error two Trevino
contends that in order to overcome or explain the alleged variance, the trial
court could not take judicial notice of the underlying criminal files, but
rather the State was required to introduce evidence into the record.  See Tex. R. Evid. 201(b) (describing a
judicially noticed fact as one that is generally known within the territorial
jurisdiction of the trial court or that is capable of accurate and ready
determination by resort to sources whose accuracy cannot reasonably be
questioned).  However Trevino waived this challenge by not
objecting.  See Tex. R. App. P. 33.1; Tex. R. Evid. 103(a).  We overrule the second point of error.





[3]Chapter
71 of the penal code defines someone engaging in organized criminal activity as
"[a] person [who] commits an offense if, with the intent to establish,
maintain, or participate in a combination or in the profits of a combination or
as a member of a street gang, he commits or conspires to commit one or more of
the following:  (1) . . . theft . . .
."  Tex. Pen. Code Ann. ' 71.02(a)(1) (Vernon Supp.
2004-05).  Theft by possession is
included in the definition of theft.  See
id. ''
31.01(4)(B),  31.03(a), (b)(1) & (2).

 





[4]Trevino relies on Deckard v.
State, 605 S.W.2d 918 (Tex. Crim. App. 1980), Shropshire v. State,
433 S.W.2d 898 (Tex. Crim. App. 1968), and Picaroni v. State, 364 S.W.2d
240 (Tex. Crim. App. 1963).  However,
each is distinguishable from the present case. 
See Deckard, 605 S.W.2d at 921 (holding variance fatal where
State should have presented some evidence which would have reconciled the
variance by identifying the two offenses, possession of narcotic paraphernalia
and possession of a  controlled
substance, namely heroin, as elements of the same ongoing criminal action); Shropshire,
433 S.W.2d at 899-900 (reversing bond forfeiture judgment where variance was fatal
when evidence established appellant had been indicted for forgery and uttering
and passing as true a forged instrument and had been bonded out for theft by
false pretext); Picaroni, 364 S.W.2d at 242 (concluding fatal variance
where the court was in no position to say that the bond for appearance of the
principal in a justice court became an obligation binding the principal and
surety for the principal's appearance in district court); see also Garza v.
State, 50 S.W.3d 619, 621 (Tex. App.BCorpus Christ 2001, no pet.) (citing Scott v. State,
649 S.W.2d 354, 357 (Tex. App.BEastland 1983, no writ) (noting fatal variance has also
been found where there was a variance between the name of the surety on the
bond and the name on the judgment)).