*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# OPINION

No. 04-08-00437-CV

Roland **GARCIA**, Attorney at Law, Surety,
Appellant

v.

**STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2004-SF-0576
Honorable Raymond Angelini, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:   April 1, 2009

AFFIRMED

This is an appeal from a bail bond forfeiture. Appellant Roland Garcia, attorney for San Juan Gustamante, executed a $50,000 bail bond for his client. When Gustamante failed to appear, the State sought and obtained a bond forfeiture. Garcia, as surety, appeals. We affirm the trial court's judgment.

**BACKGROUND**

On February 27, 2003, Gustamante was arrested and charged with possession of cocaine. Later that year, under cause number 2003-CR-4621W, Gustamante pled to possession with intent to deliver a controlled substance in penalty group one in an amount more than four grams but less than two hundred grams. After being sentenced to a term of eighteen years in prison in accordance with his plea agreement, Gustamante filed a motion for new trial that was ultimately granted. Garcia became Gustamante's attorney and, as surety, executed a $50,000 bond on Gustamante's behalf on October 31, 2003.

On November 19, 2003, Gustamante was indicted under a new cause number for the offenses of possession with intent to deliver, and possession of, a controlled substance in penalty group one in an amount more than four grams but less than two hundred grams. The date of the offenses was the same date as the original charge. However, the State also added an enhancement paragraph to the indictment, alleging Gustamante had previously been convicted of a felony offense. *See* TEX. PENAL CODE ANN. § 12.42 (Vernon Supp. 2008) (providing for enhanced punishment for repeat offenders). Subsequently, the State moved to dismiss cause number 2003-CR-4621W, and the motion was granted.

After the indictment was returned, and without Garcia's knowledge, the original bond was altered by crossing out the original cause number and writing in the new cause number. In August of 2004, Gustamante appeared and pled to the indicted offense. At that point, Garcia apparently was no longer attorney for Gustamante. As part of the plea agreement, the State dropped the enhancement paragraph and recommended a "cap" of twelve years. Gustamante was to appear on

October 18, 2004, for sentencing, but did not. The trial court signed a Judgment Nisi against Gustamante and Garcia on November 18, 2004.

More than three years later, on February 14, 2008, the trial court held a bond forfeiture hearing. Gustamante was still a fugitive at the time of the hearing. At the hearing, the court took judicial notice of the court's file, including the Judgment Nisi and, over Garcia's objection, admitted the bail bond into evidence without a sponsoring witness. Garcia testified he was unaware of the re-indictment, despite the fact he was counsel of record for Gustamante at the time it was issued, and that he would not have consented to remain on the bond if he had known about the addition of the enhancement paragraph. He testified that the addition of the enhancement paragraph increased the minimum punishment, making Gustamante ineligible for probation. According to Garcia, this increase in the range of punishment – specifically the exclusion of the possibility of probation – made it more likely that Gustamante would flee, thereby increasing Garcia's risk on the bond.

At the conclusion of the hearing, the trial court ruled in favor of the State and the next day signed the final judgment awarding the State $50,000. At Garcia's request, the trial court made findings of fact and conclusions of law.

## ANALYSIS

Garcia brings three issues on appeal, contending the trial court erred in granting the final judgment in favor of the State because (1) there was insufficient evidence, (2) the State modified the terms of the bond without Garcia's consent, and (3) there is a fatal and material variance between the bond, the judgment nisi, and the indictment.

### *Variance Between Bond, Indictment, and Judgment Nisi*

Garcia claims the trial court erred in granting final judgment because there is a "fatal and material variance" in the bail bond, judgment nisi, and the indictment.

The bond reflects the criminal charge as "Poss W/I Del C/S PG1 4g-200g." The indictment contains two counts alleged to have been committed on the same date – possession with intent to deliver a "controlled substance, namely: COCAINE, which by aggregate weight . . . was of an amount FOUR (4) GRAMS OR MORE BUT LESS THAN TWO HUNDRED (200) GRAMS," and a lesser charge of possession of the same controlled substance in a similar amount. The judgment nisi reflects a felony charge of possession with intent to deliver a controlled substance (penalty group one) of between four and two hundred grams.[1] All three documents refer to the same charge. There is simply no variance among the documents.

Garcia, however, argues the addition of the enhancement paragraph changed the offense for which he undertook the original bond. He asserts the indictment "recites a different and more serious felony charge" than the one alleged in the bond. We disagree. The addition of the allegation in the indictment that Gustamante had been previously convicted of a felony did not change the **offense** but rather the range of punishment applicable to the offense. The State need not prove the commission of the prior offense in the guilt/innocence stage of the trial to obtain a conviction. *See generally Brooks v. State*, 957 S.W.2d 30, 32 (Tex. Crim. App. 1997). The enhancement paragraph was relevant only to sentencing and did not change the underlying charge. *See Square v. State*, 167 S.W.2d 192, 193-94 (Tex. Crim. App. 1942). Accordingly, we overrule this point of error.

---

[1] The judgment actually states "POSS W/I DEL CS PG1 4G-200G." Cocaine is a penalty group one controlled substance. *See* HEALTH & SAFETY CODE ANN. § 481.102 (3)(D) (Vernon Supp. 2008).

*Modification of Surety Bond Terms*

Garcia claims that by adding the enhancement paragraph to the indictment, the State increased the risk he undertook as surety without his consent. Garcia argues that because the original bond was for a first degree felony without a "repeater" allegation, the State, by potentially increasing the punishment applicable to the charge, unilaterally and without his consent increased his risk, and therefore cannot recover on the bond forfeiture. We again disagree with his arguments and conclusion.

Garcia cites several federal decisions and decisions from outside Texas to support his argument. *See Reese v. U.S.*, 76 U.S. 13 (1869) (holding surety was discharged on federal bail bond when Government allowed principal to return to Mexico without surety's agreement); *U.S. v. Galvez-Uriarte*, 709 F.2d 1323 (9th Cir. 1983) (same); *Continental Cas. Co. v. U.S.*, 337 F.2d 602 (1st Cir. 1964) (holding attorney-surety was not discharged on federal bail bond when attorney-surety knew court had given principal permission to leave country before federal bond was executed by "actual writing agent"); *People v. Jones*, 873 P.2d 36 (Colo. App. 1994) (holding sureties were discharged on bond because subsequent filing of habitual criminal charges against principal materially increased risk to sureties); *Am. Bankers Ins. Co. v. Monroe County*, 644 So.2d 560 (Fla. Dist. Ct. App. 1994), *rev. denied*, 654 So.2d 919 (Fla. 1995) (holding surety was discharged on bond because addition of conspiracy charge substantially increased risk to surety); *Midland Ins. Co. v. State*, 354 So.2d 961 (Fla. Dist. Ct. App. 1978) (holding surety was discharged on bond when principal was originally charged with second degree murder and then indicted for first degree murder because difference in punishments was potentially substantial – life sentence versus death penalty); *State v. Ceylan*, 799 A.2d 685 (N.J. Super. Ct. App. Div.), *cert. denied*, 810 A.2d 64 (N.J. 2002)

(holding that surety was discharged on bond because post-verdict release of principal after conviction materially increased risk to surety). Garcia also relies on provisions of the Third Restatement of Law of Suretyship and Guaranty. *See* RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY (1996). However, Garcia does not cite any Texas cases in which the cited provisions of the Restatement have been adopted.[2] He also fails to reconcile any of the cited authorities with article 17.09 of the Texas Code of Criminal Procedure, which states:

> Sec. 1. Where a defendant, in the course of a criminal action, gives bail before any court or person authorized by law to take same, for his personal appearance before a court or magistrate, to answer a charge against him, the said bond shall be valid and binding upon the defendant and his sureties, if any, thereon, for the defendant's personal appearance before the court or magistrate designated therein, as well as before any other court to which same may be transferred, and for any and all subsequent proceedings had relative to the charge, and each such bond shall be so conditioned except as hereinafter provided.

> Sec. 2. When a defendant has once given bail for his appearance in answer to a criminal charge, he shall not be required to give another bond in the course of the same criminal action except as herein provided.

TEX. CODE CRIM. PROC. ANN. art. 17.09 §§ 1, 2 (Vernon Supp. 2008).

In *Shropshire v. State*, the court of criminal appeals looked to article 17.09 when it considered whether a summary judgment granted in favor of the State was proper where the original bond recited the offense was for theft by false pretext but the defendant was indicted for two offenses – forgery and uttering and passing as true a forged instrument. 433 S.W.2d 898, 899-900 (Tex. Crim. App. 1968). When the defendant failed to appear for trial, the bond was forfeited. *Id.* at 899. In the bond forfeiture proceedings, the judgment nisi and the final judgment reflected the bond was

---

[2] In fact, the Restatement has been cited only twice in this state. *Byrd v. Estate of Nelms*, 154 S.W.3d 149, 164-65 (Tex. App.–Waco 2004, pet. denied); *Ashcraft v. Lookadoo*, 952 S.W.2d 907, 919 (Tex. App.–Dallas 1997) (Wright, J., dissenting), *pet. denied*, 977 S.W.2d 562 (Tex. 1998). Neither of these cases addresses whether Texas has adopted the Restatement nor do they involve the provisions relied upon by Garcia.

for the offense of theft by pretext. *Id*. The surety argued he was never liable on the forgery offenses because the offenses were different than the offense for which the bond was written – theft by false pretext. *See id.* at 899-900. The State argued that the provisions of article 17.09 applied and the liability of the original bond affixed to the indicted offenses. *Id*. at 900. The court of criminal appeals held it could not determine from the record before it if the indicted offenses were "subsequent proceeding[s] relative to the original charge." *Id.* at 900. Accordingly, the court ruled in favor of the surety. *Id*.; *see also Deckard v. State*, 605 S.W.2d 918, 920-21 (Tex. Crim. App. 1980) (reversing summary judgment because record failed to establish the bond offense and the indicted offense were part of the same ongoing criminal action); *Trevino v. State*, Nos. 13-04-046-CV and 13-04-047-CV, 2005 WL 1643184, at *1-*2 (Tex. App.–Corpus Christi 2005, Jul. 14, 2005, no pet.) (mem. op.) (affirming bond forfeiture where bond offense and indicted offense differed because record established indicted offense arose from same criminal episode as offense for which bond was written).

Although *Shropshire*, *Deckard*, and *Trevino* analyze the issue in light of whether there was a variance between the judgment nisi and the final judgment, the reasoning in those opinions demonstrates why Garcia's argument fails. Our law clearly contemplates the surety will continue to be liable for his bond even though the severity of criminal charges may change as long as any subsequent charge is relevant to, or arises out of the same episode as, the original. *See* TEX. CODE CRIM. PROC. ANN. art. 17.09 §§ 1, 2 (Vernon Supp. 2008). It is clear from the record that Gustamante's indictment for possession with intent to distribute cocaine in an amount over four grams was a subsequent proceeding related to the original charge – the State merely expanded upon the original charge for purposes of punishment by adding an enhancement paragraph. Accordingly,

the bond for the original charge was valid and binding for the subsequent indictment, and we overrule this point of error.

Even without the application of article 17.09, Garcia's argument fails based on the facts of this case. The inclusion of the enhancement paragraph in the indictment increased Gustamante's potential punishment from five-to-ninety-nine years or life to fifteen-to-ninety-nine years or life. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Vernon 2003) (stating knowing manufacture, delivery, or possession with intent to deliver controlled substance in Penalty Group 1 in amount of four grams or more but less than two hundred grams is first degree felony); *compare* TEX. PENAL CODE ANN. § 12.32(a) (Vernon 2003) (stating first degree felony punishable by imprisonment for life or for any term of not more than ninety-nine years or less than *five* years) *with* TEX. PENAL CODE ANN. § 12.42(c)(1) (stating that if defendant has been previously convicted of felony, subsequent conviction for another first degree felony is punishable by imprisonment for life or for any term of not more than ninety-nine years or less than *fifteen* years). This increase made Gustamante statutorily ineligible for probation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3(e)(1) (Vernon Supp. 2008) (stating defendant not eligible for community supervision if sentenced to term of imprisonment that exceeds ten years). However, when Gustamante pled, the State dropped the enhancement paragraph as part of the plea agreement. At this point, Gustamante was exposed to the same punishment range as when Garcia executed the bond. Accordingly, when the bond was forfeited, there was no increased risk to Garcia. We overrule this point of error.

### *Insufficient Evidence*

Garcia contends the evidence is insufficient to support the final judgment because the trial court, over his objection, admitted a copy of the bond into evidence without requiring the State to

make its offer through a sponsoring witness with a proper predicate. Because of this failure, Garcia argues the court did nothing more than take judicial notice of the bond, which he contends the court may not do.

The State has the burden in a bond forfeiture proceeding to prove the existence of the bond and the judicial declaration of its forfeiture, which is known as the judgment nisi. *Kubosh v. State*, 241 S.W.3d 60, 63 (Tex. Crim. App. 2007). The State is generally required to present and offer both the bond and the judgment nisi into evidence. However, the court of criminal appeals has held the trial court may take judicial notice of the judgment nisi, *Hokr v. State*, 545 S.W.2d 463, 466 (Tex. Crim. App. 1977), and has also held that under certain circumstances the trial court may take judicial notice of the bond. *Kubos*h, 241 S.W.3d at 66-67.

In *Kubosh*, the appellant argued the evidence was insufficient to support the trial court's bond forfeiture judgment because the trial court could not take judicial notice of the bond. 241 S.W.3d at 63-64. The court of criminal appeals disagreed. *Id*. at 66-67. The court reasoned that because the appellant did not allege a variance between the bonds at issue and the judgment nisi, and the court found none, the trial court was permitted to take judicial notice of the bonds. *Id.* at 65-67.

Here, Gustamante has alleged a variance between the bond and the judgment nisi. However, as discussed above, the record shows no such variance. The record shows that the only difference between the bond originally executed by Garcia and the judgment nisi is the cause number assigned to the criminal case and the computer number used to track the bond. The record establishes this difference was created or caused by the State's decision to dismiss the original case after Gustamante was formally indicted on the same charge. The State's motion to dismiss, which was signed by the court, states the dismissal was filed because the case had been "reindicted/refiled." Although we

recognize the numbers were changed, the changes were not of sufficient substance to constitute a material variance, especially in light of article 17.09. Under these circumstances, and consistent with the court's analysis in *Kubosh*, the trial court did not err in taking judicial notice of the bond. Accordingly, we overrule Garcia's sufficiency complaint.

## CONCLUSION

Having overruled appellant's points of error, we affirm the trial court's judgment.


Steven C. Hilbig, Justice