James R. YOCOM, Commissioner of Labor, etc., Appellants,

v.

Blain KISER et al., Appellees.

Court of Appeals of Kentucky.

March 2, 1973.

Gemma M. Harding, Louisville, for appellants.

G. C. Perry, III, Perry & Greene, Paintsville, for appellee Blain Kiser.

J. W. Craft, Jr., Hazard, for appellee South East Coal Co.

CULLEN, Commissioner.

The Workmen's Compensation Board awarded compensation to Blain Kiser for total permanent disability from silicosis. The award was directed to be paid by the Special Fund, under KRS 342.316(13) of the 1966 statutes, which was in force at the time the disability arose. The Special Fund appealed to the circuit court, which entered judgment affirming the board's or-

der. The Special Fund is appealing here from that judgment.

The board found that Kiser was disabled in February 1966, when he ceased working in the mines, but that he was not apprised of the fact that he had the disease until January 11, 1971, so that his claim filed on January 20, 1971, was timely. The evidence was that Kiser had worked for South East Coal Company for four months prior to his cessation of work in February 1966; that for the preceding fifteen months he had worked for Poplar Grove Coal Company; and for the six months prior to that employment he had worked for Eagle Coal Company.

Kiser's claim was filed against South East Coal Company, but that company was dismissed because it had employed Kiser for only four months whereas KRS 342.-316(13) required a six-month period of exposure in order to impose liability on the employer. An attempt was made to bring in Poplar Grove Coal Company, but that was not successful because Kiser's claim against that company was not asserted within five years from the date of his last exposure in employment with that company. See KRS 342.316(3).

The medical testimony was that Kiser's silicosis was not the result of exposure during the period of his last employment for six months or more, but was accumulative over "his entire underground experience." Under that evidence the board found that Kiser's silicosis was "not conclusively proven to be the result of such last exposure" within the terms of KRS 342.316(13), and the board therefore directed that the Special Fund pay all of the compensation.

The Special Fund argues that its liability under KRS 342.316(13) is solely derivative, and since there is no employer on whom liability could have been imposed, the Special Fund cannot be held liable. We do not so construe the statute.

The pertinent provisions of KRS 342.-316(13) as they existed in 1966 were as follows:

"The employer liable for compensation for * * * silicosis * * * shall be the employer in whose employment the employe was last exposed to the hazard of such occupational disease during a period of six months or more. In those cases where disability or death are not conclusively proven to be the result of such last exposure all compensation shall be paid out of the Special Fund. * * *"

We think that the legislative intent of the above subsection, when considered with subsection (12) of the same section (which provided that as among a series of employers, the last one in whose employment there was injurious exposure should be the only one liable), was that the liability for compensation *always* would be on the Special Fund unless it was conclusively proven that the occupational disease was the result of exposure during the period of the workman's last employment for six months or more (and even in the latter case, by subsequent provisions of subsection (13), the Special Fund would be liable for 40 percent of the compensation). In the instant case there was not the conclusive proof that would relieve the Special Fund of full liability. Accordingly, it is immaterial that the employer in whose employ Kiser was last exposed for a period of six months or more (Poplar Grove Coal Company) was not subject to claim by reason of the five-year limitation statute. As we construe the statute, the liability of the Special Fund is not derivative, but is primary, subject to partial relief on conclusive proof that the disease was the result of exposure in the last employment of six months or more.

The Special Fund suggests that Kiser did not prove that he was exposed to the hazards of silicosis for at least two

years next before his disability, as was required by KRS 342.316(4). That argument is based on the proposition that Kiser proved only four months of employment by South East Coal Company, preceded by fifteen months by Poplar Grove. As we read the evidence, however, it reasonably supports a finding that Kiser was employed by Eagle Coal Company for six months immediately before his employment by Poplar Grove, thus establishing the necessary two years' exposure.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.