ALCALA, J.,
filed a concurring opinion in which JOHNSON, J., joined.
This is another claim of ineffective assistance of counsel addressed by this Court based on pleadings that have been presented by a pro se litigant. I respectfully concur in this Court’s order that remands this pro se habeas application to the- convicting court for further-development1-of the record. I, however, do not join the Court’s order because it fails to accurately track the statutory language in'the Code of Criminal Procedure, in that it improperly limits an indigent habeas applicant’s entitlement to the assistance of appointed *320 counsel to situations involving a live hearing on remand.[1]
This Court’s order should not instruct the habeas court to appoint counsel to an indigent habeas applicant only in the event of a live hearing on remand. Rather, to comply with the statutory requirements in the Code, this Court’s order should instead more broadly require a habeas court to appoint counsel in a wider range of circumstances. The plain language in the Code mandates a habeas court to appoint counsel for an indigent habeas applicant when the. interests of justice require it. Article 1.051 of the Code of Criminal Procedure states,
(d) An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in the following appellate and postconviction habeas corpus, matters: ...
(3) a habeas corpus proceeding if the court concludes that the interests of justice require representation!.]
See Tex.Code Ceim. PRoaart. 1.051(d)(3). In view of this statutory authority, this Court’s order should instruct the habeas court to appoint counsel (1) when the habe-as court holds a hearing, or, in any event, (2) when the interests of justice require representation in a habeas proceeding regardless of whether there is a hearing. Although the Code does not define the term “interests of justice,” that term, as it applies here, refers to a judge’s discretion to make a ruling in the interests of fairness and equity in a particular situation depending on the facts.[2]
In other cases, I have expressed my view that, when a pro se habeas application gives rise to a colorable ineffective-assistance claim, based either on the substance of the pleadings or the bare face of the record, an applicant should receive appointed counsel in the interests of justice based on the statutory authority in Article •1.051(d)(3). - See, e.g., Ex parte Garcia, 486 S.W.2d 565, 578 (Tex.Crim.App.2016) (Al-cala, J., dissenting). I need not further discuss here what may constitute a color-able claim in other cases because, in this case, by remanding it to the habeas court, this Court has already implicitly determined that applicant’s ineffective-assistance claim is colorable. In the instant case, this Court’s majority order determines that applicant has alleged facts that, if true, might entitle him to relief, or it otherwise concludes that factual development is necessary. This Court’s majority order also requires the habeas court to make findings of fact and conclusions of law as to whether trial counsel’s performance was deficient and whether that performance prejudiced applicant. Having determined that applicant may be entitled to relief based on the facts that have been presented thus far, these circumstances would, in my view, justify this Court ordering the habeas court to appoint counsel in the interests of justice on remand. But, at *321 the very least, this Court’s order should accurately track the language in the Code of Criminal Procedure as a means of informing the habeas court of its obligation to appoint counsel if it determines that representation is necessary .in the interests of justice.
In deciding whether to appoint habeas counsel on remand, I would encourage ha-beas courts to utilize the statutory authority in Article 1.051 in order to liberally appoint counsel for pro se applicants who, as here, appear to have colorable ineffective-assistance-of-counsel claims. As the Supreme Court has recognized, the right to the effective assistance of counsel is a “bedrock principle in our justice system,” without which the very fairness and accuracy of the underlying criminal proceeding cannot be guaranteed. Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309, 1317, 182 L.Ed.2d 272 (2012). But, without the assistance of an attorney for the purpose of raising an ineffective-assistance claim, the Supreme Court has also recognized that a pro se, incarcerated habeas applicant will likely be unable to properly present such a claim, even if his claim is meritorious. See id. at 13.17-18 (observing that a prisoner is in “no position to develop the evidentiary basis for a claim of ineffective assistance,” and acknowledging that, “as an equitable matter,” a post-conviction habeas proceeding, “if undertaken without counsel ... may not have been sufficient to ensure that proper consideration was given to a substantial [ineffective-assistance] claim”). These are relevant factors that should be taken into account by a court in assessing whether the interests of justice require appointed counsel in any given case.[3] I *322 further note that, because a habeas proceeding is most likely the only time that the effectiveness of counsel may be challenged, a habeas court should not only appoint counsel under the circumstances presented here, but it should also liberally permit the amendment of claims by that appointed habeas counsel. See Ex parte Saenz, No. WR-80,945-01, 491 S.W.2d 819, 824-25, 2016 WL 1359214, at *4 (Tex.Crim. App. Apr. 6, 2016) (permitting filing of supplemental or amended habeas claims prior to disposition of pending application). This is necessary because it is likely that a pro se litigant who is unskilled in the law will have failed to properly plead and prove his claim.
The appointment of habeas counsel under these circumstances, I believe, will improve the integrity of the criminal-justice system by ensuring that defendants have received effective counsel at trial and will reduce the number of wrongfully convicted people. Aside from my disagreement with the language in this Court’s order, I concur in the Court’s order that remands this case to the habeas court for further factual development.
YEARY, J., filed a concurring opinion in which KEASLER, HERVEY, and NEWELL, JJ., joined.
It has long been the Court’s practice to require convicting courts to appoint counsel to indigent applicants for post-conviction habeas corpus relief whenever we remand the writ application for a formal evidentiary hearing. We have typically done so without citing any particular authority — other than the statute that generally sets out the procedure for appointing counsel for criminal trials and appeals. Tex.Code Cbim. Peoc. art. 26.04. A-complaint has now been registered that it is misleading for us to authorize counsel under these circumstances because it implies that an indigent applicant is not entitled to counsel under any other circumstances, contrary to the evident legislative purpose behind Article 1.051, Section (d)(3) of the Texas Code of Criminal Procedure. Tex. Code CRiM. PROC. art. 1.051, § (d)(3). Concurring Opinion at 2. I write to address this concern.
Indigent post-conviction applicants for habeas corpus .relief are not constitutionally entitled to the assistance of counsel. Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); Murray v. Giarratano, 492 U.S. 1, 10, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989). Their criminal trials are over, and appellate review has been exhausted. Any right to state-financed court-appointed counsel for purposes of initiating and prosecuting a separate habeas corpus proceedings is purely a matter of legislative grace.[1] In Texas, the Legislature has indeed stepped in and provided a qualified entitlement to post-conviction. habeas counsel by way of Article 1.051, Section (d)(3) of the Code of Criminal Procedure, which provides:
(d) An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in the following appellate and postconviction ha-beas corpus matters:
[[Image here]]
*323 (3) a habeas corpus proceeding if the court concludes that the interests of justice require representation.
Tex.Code CRIM. PR0c.:art. 1.051, § (d)(3) (emphasis added). But what, exactly, does .this statutory “entitlement” amount to? Perhaps more importanttyj how and when is it triggered?[2]
In non-death-penalty cases, there is no statutory provision that expressly authorizes the appointment of counsel to assist an indigent inmate in the investigation and preparation of a post-conviction application for writ of habeas corpus seeking relief from a felony conviction.[3] This is so even though the investigation and pleading may be the most crucial stage of all, since an application will be routinely denied if it fails even to allege facts which, if true, would entitle the applicant to relief. Ex parte Whisenant, 443 S.W.3d 930, 932 (Tex.Grim.App.2014). The incarcerated inmate can hardly be expected to conduct the investigation for himself, and he will not ordinarily be equipped to distinguish those claims', that are cognizable from those that are not under our habeas corpus jurisprudence. •
Even so, Article 1.051, Section (d)(3) does not seem to contemplate appointment *324 of counsel at this preliminary investigation/preparation stage. After all, unless and until a habeas application has been filed, how can the convicting court know that a lawsuit has been initiated such that the “interests of justice” may “require representation”? Indeed, there is no “habeas corpus proceeding” at all for purposes of the statute until the application itself has been filed. See Tex.Code Crim. PROC. art. 1.051, § (d)(3) (providing for appointment of counsel for indigent applicants in “a habeas corpus proceeding”). So, it does not appear that the Legislature intended that counsel should be appointed for the investigation and preparation of a non-death-penalty post-conviction application for writ of habeas corpus. Cf. Hernandez v. State, 630 S.W.2d 563, 567 (Tex.Crim.App.1975) (due process does not require the appointment of counsel “for the investigation of possible habeas corpus attacks”). For this reason, the statute does not contemplate that either the convicting court or this Court should become involved in scanning “the face of the record” on a habeas corpus applicant’s behalf in a quest to identify any “colorable, non-frivolous claims for which legal expertise is required!;.]” Ex parte Garcia, 486 S.W.3d 565, 578 (Tex.Crim.App.2016) (Alcala, J., dissenting).
Once a post-conviction writ application has been filed, the next step in the “habeas corpus proceeding” is for the convicting court to evaluate the pleading. Many will prove insufficient, even when read liberally, to make out.a cognizable claim for habeas corpus relief. The interests of justice do not demand that the convicting court appoint counsel to pursue an application that must be denied for failure to make a .prima facie case for habeas corpus relief.
If, on the other hand, an application does allege facts which, if true, might entitle the applicant to relief, the next step for the convicting court is to identify material contested issues and initiate any necessary factual development. Tex.Code Crim. Prog. art. 11.07, § 3(d). The convicting court may resort to various means of developing the record and resolving the facts, including “affidavits, depositions, interrogatories, additional forensic testing, and hearings, as well as personal recollection.” Id. Some claims may be resolved simply enough without the involvement of appointed counsel. Whether the “interests of justice require representation” by counsel at this stage seems to me to be case-dependent, and the statute calls upon the convicting court to determine, at least in the first instance, whether the assistance of counsel is necessary to assure the fullness and fairness of that process given the nature of the allegations and the ready availability of adequate means to resolve the disputed issues.
The interests of justice do not invariably require the appointment of counsel. For example, convicting courts often order trial counsel to file affidavits to respond to facially plausible claims of ineffective assistance of counsel, and such claims may be either established or refuted, to the satisfaction of the convicting court, on the basis of limited factual development. The same may be true of a colorable Brady claim[4]— a simple affidavit from the trial prosecutor may suffice to resolve the claim, either pro or con. Even a claim of actual innocence may be sufficiently straightforward that a simple forensic test will serve to support or refute it, without the necessity of involving appointed counsel to represent the indigent inmate. *325 Of course, many cases will prove more complex — legally, factually, or both. In truly complex cases, the indigent inmate may have difficulty marshaling his case pro se. It may very well be that in such cases the better — even the more expedient — course of action for the convicting court to take is to appoint counsel.to the indigent inmate to grease the wheels of justice. The more complicated the case, legally or factually, the more that counsel may be needed to provide a counterbalance to the inevitable pressure exerted by the State’s legal representative to deny relief, assist the convicting court in comprehending and properly revolving the issues, and assure that the applicant receives his one full and fair bite at the post-conviction habeas corpus apple. Especially with the advent of the legislative codification of the abuse of the writ doctrine, Tex.Code CRIM. Pro& art. 11.07, § 4, the interests of justice may well demand the appointment of counsel to represent an indigent inmate in these more complex cases.[5]
Because this Court is the court of return in post-conviction habeas proceedings, Tex. Code Crim. Proc. art. 11.07, § 3(a), we have the authority tQ remand any given habeas proceeding for further fact development, with the assistance of appointed counsel, in any case in which it seems to us that “the interests of justice” require it. That is to say, we may remand to permit the indigent applicant to have appointed counsel in any writ proceeding forwarded to us in which it is apparent from the nature and specifics of the particular case that the assistance of counsel is necessary to assure complete and accurate factual development below. However, we should not presume that every post-conviction habeas corpus proceeding will require such representation — even those that raise a “colorable, non-frivolous” claim of ineffective assistance of trial counsel. And, while pleadings filed by pro se applicants should indeed be construed liberally, that does not mean we should impose an obligation on convicting courts to scour the record for any sign of ineffective assistance of trial counsel whenever an applicant might plead — or simply allude to — it, however inartfully.
After all, habeas corpus is an extraordinary remedy. The effect of post-conviction habeas corpus relief is to upset society’s hard-won conviction — a conviction that in many cases has already survived the rigorous scrutiny of an appeal. The State has a legitimate interest in the maintaining the finality of such convictions. It would be anomalous to involve judges too directly in a process the ultimate goal of which is to undermine a result which the criminal justice system has already endeavored so strenuously to achieve. In this context, as much as (if not more than) any other, the quintessential role of the judge is to arbitrate, not to instigate — and certainly not to advocate.
In our remand orders, we often instruct the convicting court that, if it should choose to undertake factual development by way of an evidentiary hearing, then it *326 “shall appoint'an-.attorney .to represent Applicant at the hearing.” Though we do not cite Article 1.051, Section (d)(3), I presume that the Court’s order in this regard represents our contingent judgment that, in- the event the convicting court is persuaded that a claim is sufficiently substantial or complex so that the -best means to develop the^ facts and resolve disputes is by way of live testimonial evidence, including cross-examination of witnesses, then the interests of justice require the assistance of counsel for the indigent inmate. But the order is not meant to prohibit the convicting court from appointing counsel otherwise, in its discretion, pursuant to Article 1.051, Section (d)(3), should it conclude that the interests of justice require it for the sorts of reasons I have suggested above.
With these observations, I join the Court’s -order.

. I note that this Court’s order cites to Code of Criminal Procedure Article 26.04, but that ■article does not suggest that counsel must be appointed only in the event of a live hearing, Rather, Article 26.04 more broadly indicates that a court "shall appoint" counsel "for purposes of a'criminal proceeding” whenever the court determines "that the interests of justice require representation of a defendant in the proceeding!.]" Tex.Code Crim. Proc. art. 26.04(c); Given its reference to the necessity of appointing counsel in any "criminal proceeding” in which the interests of justice require it, I can see no basis in Article 26.04 for instructing habeas courts to appoint counsel to indigent applicants only in the event of a live hearing,

. See, e.g., Duffield v. Jackson, 545 F.3d 1234, 1238 (10th Cir.2008) (explaining that the "interests of justice” is a concept encompassing matters such as the "fairness, integrity, or public reputation of judicial proceedings").

. Perhaps it could be argued that, because there is no established constitutional right to habeas counsel, this Court should never remand for the appointment of counsel in the interests of justice. But this suggestion would seriously misunderstand the nature of the complaint before us.' Here, the issué is the right to effective trial counsel and the systematic failure in Texas.to provide an adequate vehicle to ensure that right. Direct appeal, when an indigent defendant has an absolute ■ right to appointed counsel, fails to adequately protect the right to effective trial counsel because most ineffective-assistance claims require evidence outside the record, and the seventy-five-day window of time for resolving a motion for new trial is usually inadequate for that process. See Trevino v. Thaler, — U.S.—, 133 S.Ct. 1911, 1915, 185 L.Ed.2d 1044 (2013) (observing that the "structure and design of the Texas system!,] in actual operation, [ ] make it virtually impossible for an ineffective assistance claim to be presented on direct review”) (citations omitted). And habeas-corpus review, when an indigent defendant has no absolute right to appointed counsel, similarly fails to adequately protect the right to effective trial counsel because counsel is usually needed to properly litigate ineffective-assistance claims. See Martinez v. Ryan, —U.S. ——, 132 S.Ct. 1309, 1317-18, 182 L.Ed.2d 272 (2012) (observing that, to adequately present an ineffective-assistance claim, a prisoner "likely needs an effective attorney”; without the assistance of counsel on post-conviction review, a prisoner’s ability to present an ineffective-assistance claim is "significantly, diminished]”). Thus, unless ■ indigent applicants are afforded the assistance of appointed habeas counsel to raise their substantial ineffectiveness claims, Texas essentially has no adequate vehicle for defendants to litigate that issue. The characterization of the Legislature’s authorization of appointed habeas counsel in the interests of justice as a mere act of legislative grace fails to acknowledge the reality that, without some means of appointing habeas counsel in this limited area of ineffective-assistance-of-counsel challenges, Texas’s system fails to ensure that defendants’ Sixth Amendment rights'are protected and thus raises the possibility of a constitutional violation on that basis. See id. at 1315 (noting that it is an open question of constitutional law "whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial”; . the Constitution "may require States to provide counsel in initial-review collateral proceedings because ‘in these cases ... state collateral review is the first place a prisoner can present a[n ineffectiveness] challenge to *322 his conviction,’ ” thus making the collateral proceeding his " ‘one and only appeal’'as to an ineffective-assistance claim”) (quoting Coleman v. Thompson, 501 U.S. 722, 755-56, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

. Cf, In re Hall, 286 S.W.3d 925, 927-28 (Tex.2009) (recognizing that there is no constitutional right to counsel in collateral post-conviction proceedings and inquiring whether a juvenile offender has a statutoiy right to counsel).

. It has been suggested elsewhere that Article I.051, Section (d)(3), and Article 11.07, Section 3(d), together “provide an adequate basis upon which to conclude that appointment of counsel is required in any case in which either the pleadings or the face of the record gives rise to a colorable, non-frivolous claim for which legal expertise is required in order to ensure that the claim is afforded meaningful consideration.” Ex parte Garcia, 486 S.W.3d 565, 578 (Tex.Crim.App.2016) (Alcala, J., dissenting). Section 3(d) of Article 11.07 authorizes the convicting court to "appoint an attorney or a magistrate to hold a hearing and make findings of fact,” I am doubtful that this language was meant to actually authorize • appointment of an attorney for the purpose of representing the habeas applicant. It seems more likely to have been intended to authorize the appointment of an attorney to preside over any hearing, and then prepare findings of fact, much as a magistrate might do. As for Article 1.051, Section (d)(3), while it might indeed be construed to "provide an adequate basis to conclude” that appointment of counsel is necessary under a particular set of. circumstances, that is not exactly the same as determining whether that is in fact what the Legislature intended the statute to do.

. By contrast, our death penalty post-conviction habeas statute expressly requires the appointment of counsel for indigent applicants to investigate and prepare post-conviction applications for writ of habeas corpus in death penalty cases. Tex.Code Crim, Proc. art. 11.071, § 3(a). Indeed, Article 11.071 presumes that every death penalty will be followed by a post-conviction habeas application, and it-contains a built-in mechanism for the appointment of counsel to investigate and prepare it. Id, § 2. See,also, McFarland v. Scott, 512 U.S. 849, 855, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994) (under the federal statute governing appointed counsel in capital cases, "Congress ... established a right to preappli-cation legal assistance for capital defendants in federal habeas, corpus proceedings”). Article 11.07 embodies no similar presumption that every felony conviction will be followed by a post-conviction writ application, and neither Article 11.07, nor Article 1.051(d)(3), contains a comparable mechanism to automatically trigger the involvement of counsel in investigating and preparing a post-convic-tiori writ application.
As of 2015, however, the Legislature enacted Article 11.074, and expressly made it retroactive. Acts 2015, 84th Leg., ch, 608, §§ 1 & 2, p,2030, eff. June. 16, 2015. Under Article 11.074, at the State's behest, the convicting court "shall appoint an attorney” to an indigent inmate "for purposes of filing an application for a writ of habeas corpus” when the State "represents” that the inmate is not guilty, is guilty only of a lesser offense, or has been convicted or sentenced under a law that ' was later declared to be 'unconstitutional. To this limited extent, then, an inmate[1] in a non-death-penalty case may be statutorily entitled to the appointment of counsel for purposes of investigating, preparing, and "filing” his initial writ application — but only upon the "representation” of the State.

. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (prosecutorial suppression of excúlpatory evidence violates due process).

. Moreover, once counsel has been appointed for the indigent post-conviction habeas applicant in these more complex cases, counsel would be available to amend or supplement ' the pro se initial writ application to cure any potential deficiencies in the initial pleading or to supply a memorandum .of law .in support, as permitted in non-capital writ applications. See Ex parte Saenz, No. WR-80,945-01, 491 S.W.3d 819, 824, 2016 WL 1359214, at *4 (Tex.Crim.App. Apr. 6, 2016) ("In general, when an applicant files amended, or supple- ■ mental pleadings raising additional claims before we have disposed of his pending application, we consider the merits of his claims, so long as the pleadings comply with the rules and procedures in Article 11.07 and Rule of Appellate Procedure 73,1, and so long as the claims are otherwise cognizable and ripe for review.”).