**Willie MYERS et al., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45909.**

Court of Criminal Appeals of Texas.

Nov. 15, 1972.

Bruce K. Bornefeld, Houston, for Brucene Billings and J. W. Campbell.

Carol S. Vance, Dist. Atty., Joe Moss, James C. Brough, and Joe Terracina, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal is taken from a final judgment forfeiting a $2,500.00 bail bond which

was based on a judgment nisi entered when the appellant-principal failed to appear for trial to answer an indictment charging him with the felony offense of *unlawfully carrying a pistol on or about his person* and alleging two prior convictions for enhancement of punishment under the provisions of Article 63, Vernon's Ann.P.C.

Appellants contend that the judgment should be set aside as being based upon a fatally defective bail bond which created no valid obligation upon them. This contention is based on the claim that the bail bond does not comply with the requirements of Article 17.08(3), Vernon's Ann. C.C.P., 1965, in that it does not state that the principal was charged with either a felony or with a misdemeanor, and it does not use language from which it may be determined that the principal was charged with either a felony or with a misdemeanor by stating a specific offense which violates the laws of this state.

Article 17.08, supra, provides, in part, that a bail bond shall be sufficient if it contains the following requisites:

> "3. If the defendant is charged with a felony, that it state that he is charged with a felony. If the defendant is charged with a misdemeanor, that it state that he is charged with a misdemeanor; . . ."

■ Appellants recognize that under the decisional law of this state, the mere designation in the bail bond of the charge as "a felony" or "a misdemeanor" is sufficient to satisfy the statutory provision and that an adequate description of the actual offense will also suffice. They contend, however, this was not done in the instant case.

■ The bail bond in question reflects in longhand writing on a printed bond form that the appellant-principal was charged with the offense of "carrying a pistol." The handwritten entry is followed by a phrase on the printed form, "felony, misdemeanor by virtue of warrants issued by . . . ." Appellants contend the handwritten entry of the description of the offense following, without elimination of either "felony, misdemeanor . . ." on the printed form, renders the bail bond fatally defective. We do not agree.

Article 483, Vernon's Ann.P.C., which prohibits, among other things, the carrying of a pistol on or about an individual's person, is a misdemeanor offense,

> ". . . except that if the offense is committed by a person while in any premises covered by a permit or license issued under the provisions of the Texas Liquor Control Act or at any dance where the public is invited and alcoholic beverages are openly sold, served, or consumed, he is guilty of a felony and upon conviction shall be punished by imprisonment in the state penitentiary for not less than two (2) years nor more than five (5) years."

Further, the statute provides:

> "(b) Where the misdemeanor offense is proved under allegations constituting a felony under this Article, the misdemeanor shall be a lesser . . . included offense."

The statute, thus, provides for both misdemeanor and felony penalties depending upon the circumstances under which the offense is committed and alleged in the formal accusation.

While, undoubtedly, the phrase "felony, misdemeanor by virtue of . . ." on the printed bond form was prepared with the idea that in executing the bond either the word "felony" or the word "misdemeanor" would be struck out as might be appropriate, it was not done in the instant case. However, the offense was described in the bond as "carrying a pistol," followed by the words "a felony, misdemeanor." Since, as noted above, the offense can be either a felony or misdemeanor, we find no

violation of Article 17.08(3), supra, as contended by the appellants. To hold that a bail bond was defective under these circumstances would be to reach an absurdity.

The judgment is affirmed.