

# NUMBER 13-08-00175-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

YOLANDA CASTANEDA INDIVIDUALLY
D/B/A Y. CASTANEDA BAIL BONDS,                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## On appeal from the 332nd District Court
## of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Chief Justice Valdez

Appellant, Yolanda Castaneda, individually and d/b/a Y. Castaneda Bail Bonds ("Castaneda"), appeals a civil judgment forfeiting a bail bond. In a single issue, Castaneda contends that the trial court erred by forfeiting a bond in favor of the State where the

principal was originally charged with a misdemeanor and later indicted with a felony offense.  We affirm.

## I. BACKGROUND

On September 11, 2006, Rodolfo Saul Casas Ramos was arrested on the charge of driving while intoxicated.  *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003).  On September 15, 2006, Castaneda executed a $500 bond on Ramos's behalf.  The bond stated that Ramos was charged with a misdemeanor offense.  On April 4, 2007, a grand jury indicted Ramos with driving while intoxicated, a third-degree charge felony.  *See id.* The initial offense was enhanced because Ramos had a prior conviction related to driving a motor vehicle while intoxicated.  *See id.* § 49.09 (Vernon Supp. 2008).  The record does not contain any amendment to the bond after indictment.  On May 2, 2007, Ramos failed to appear in court.  The trial court signed a judgment nisi against Ramos and Castaneda on May 16, 2007.

On October 29, 2007, the trial court held a bond forfeiture hearing.  At the hearing, the court took judicial notice of the court's file without objection.  However, Castaneda's counsel objected to forfeiture, arguing that Castenda was absolved of liability on the ground that the bond could not secure the same amount on a felony because it was written for a misdemeanor.  On November 13, 2007, the trial court ruled in favor of the State and signed a final judgment granting forfeiture of the $500 bond.  This appeal ensued.

## II. ENHANCEMENT BY INDICTMENT

In her sole issue, Castaneda contends that by enhancing Ramos's charge, the State increased her obligations and risk as a surety and, thus, voided the original bond.

2

**A.    Standard of Review**

Bond forfeitures are criminal matters.  *State v. Sellers*, 790 S.W.2d 316, 321 (Tex. Crim. App. 1990).  However, article 22.10 of the Texas Code of Criminal Procedure prescribes that civil rules shall govern all proceedings in the trial court following forfeiture.  TEX. CODE. CRIM. PROC. ANN. art. 22.10 (Vernon 2009).  We review a judgment of forfeiture for an abuse of discretion.  *See Williamson v. State*, 68 Tex. Crim. 53, 150 S.W. 892, 892 (1912) (holding that the trial court did not abuse its discretion in rendering judgment for full amount of bond).

**B.    Analysis**

Before we begin our inquiry of whether the enhancement extinguished Castaneda's liability, we start by addressing Castaneda's argument that the bond should be dismissed under article 17.08 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 17.08 (Vernon 2005).  Article 17.08 provides, in part, that a bail bond shall be sufficient if it contains the following requisites:

> If the defendant is charged with a felony, that it state that he is charged with a felony.  If the defendant is charged with a misdemeanor, that it state that he is charged with a misdemeanor; . . . .

*Id.* art. 17.08(3).

In *Myers v. State*, the court of criminal appeals considered whether a trial court erred in granting a final judgment forfeiting a bail bond where the bond did not specifically describe the offense as a felony or misdemeanor.  486 S.W.2d 564, 565 (Tex. Crim. App. 1972).  In *Myers*, the offense committed by the principal was described in the bond as "carrying a pistol," followed by the words "a felony, misdemeanor," and neither a felony nor misdemeanor was specified.  *Id.*   The principal was later indicted for the felony of

3

unlawfully carrying a pistol on or about his person. *Id.* The statute penalizing the carrying of a pistol "provide[d] for both misdemeanor and felony penalties depending upon the circumstances under which the offense [was] committed and alleged in the formal accusation." *Id.* The Court held that since the offense could be either a felony or a misdemeanor, there was no violation of article 17.08(3). *Id.* at 565-66. Likewise, section 49.04 of the Texas Penal Code provides that driving while intoxicated is a misdemeanor offense unless it is shown that the person has a previous conviction. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09. Since the offense of driving while intoxicated can be either a misdemeanor or felony, we find no violation of article 17.08(3). *See Myers*, 486 S.W.2d at 565.

Additionally, Castaneda argues that by enhancing the charge, the State modified her risk and obligation under the contract. She contends that the bond should therefore be dismissed because the State's interference voids the contract. We disagree and find that the enhancement of an offense, by itself, does not alter the underlying contract. *See, e.g., Garcia v. State*, No. 04-08-000437-CV, 2009 Tex. App. LEXIS 2315, at **10-11 (Tex. App.–San Antonio Apr. 1, 2009, no pet. h.).

A bail bond is a contract between the surety and the State. *Reyes v. State*, 31 S.W.3d 343, 345 (Tex. App.–Corpus Christi 2000, no pet.). "The contract consists of a promise by the surety that the principal will appear before the court in exchange for a promise by the State that it will release the principal." *Id.* at 346. By taking a bail bond, Castaneda contracted with the State. *See id.* Castaneda promised the State that Ramos would appear in exchange for the State's promise to release Ramos. Although Ramos's charge was increased from a misdemeanor to a felony, by continuing to be liable for the

same bond amount, Castaneda's obligation to the State remained the same.[1]  The State fulfilled its obligation by releasing Ramos.  When Ramos failed to appear in court on May 2, 2007, Castaneda failed to fulfill her obligation.  Therefore, the bond was subject to forfeiture.

Castaneda cites *Reese v. United States* in support of her argument that adding an enhancement to the indictment automatically discharges the surety.  76 U.S. (9 Wall.) 13, 21 (1869).  Castaneda applies *Reese* to the present case only by stating that *Reese* is "identical to this case" because the government "changed the charge from misdemeanor to felony."  However, in *Reese*, the Court held that a surety was discharged on a bail bond where the lower court allowed the principal to return to Mexico without the surety's agreement; *Reese* does not involve enhancements.  *Id.* at 21-22.  Arguably, *Reese* stands only for the proposition that "where the performance of a condition is rendered impossible by either an act of the obligee or of the law, the surety is no longer liable."  *Detroit Fid. & Sur. Co. v. United States*, 36 F.2d 682, 684 (6th Cir. 1930).  Additionally, Castaneda fails to reconcile her argument with article 17.09 of the Texas Code of Criminal Procedure, which states:

> Sec. 1. Where a defendant, in the course of a criminal action, gives bail before any court or person authorized by law to take same, for his personal appearance before a court or magistrate, to answer a charge against him, the said bond shall be valid and binding upon the defendant and his sureties, if any, thereon, for the defendant's personal appearance before the court or magistrate designated therein, as well as before any other court to which same may be transferred, and for any and all subsequent proceedings had relative to the charge, and each such bond shall be so conditioned except as hereinafter provided.

> Sec. 2. When a defendant has once given bail for his appearance in answer

---

[1] Additionally, the possibility of Ramos's offense being either a misdemeanor or felony was a factor that Castaneda could have appreciated before writing the bond.  *See* TEX. PENAL CODE ANN. §§ 49.04 (Vernon 2003), 49.09 (Vernon Supp. 2008).

to a criminal charge, he shall not be required to give another bond in the course of the same criminal action except as herein provided.

TEX. CODE CRIM. PROC. ANN. art. 17.09 §§ 1, 2 (Vernon Supp. 2008). Here, the enhancement of the misdemeanor to a felony clearly arose out of the same criminal action. *See, e.g., Garcia,* 2009 Tex. App. LEXIS 2315, at \*\*10-11. Accordingly, we hold that the trial court did not abuse its discretion in rendering a judgment of forfeiture in favor of the State.

### III. CONCLUSION

Having overruled Castaneda's sole issue, we affirm the trial court's judgment.

_____

ROGELIO VALDEZ
Chief Justice

Memorandum Opinion delivered and
filed on this the 4th day of June, 2009.