NUMBER 13-08-00175-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

YOLANDA CASTANEDA INDIVIDUALLY

D/B/A Y. CASTANEDA BAIL BONDS, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 332nd District Court

of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Garza and Vela


 Memorandum Opinion by Chief Justice Valdez
 

 

 Appellant, Yolanda Castaneda, individually and d/b/a Y. Castaneda Bail Bonds
("Castaneda"), appeals a civil judgment forfeiting a bail bond. In a single issue, Castaneda
contends that the trial court erred by forfeiting a bond in favor of the State where the
principal was originally charged with a misdemeanor and later indicted with a felony
offense. We affirm.

I. Background

 On September 11, 2006, Rodolfo Saul Casas Ramos was arrested on the charge
of driving while intoxicated. See Tex. Penal Code Ann. § 49.04 (Vernon 2003). On
September 15, 2006, Castaneda executed a $500 bond on Ramos's behalf. The bond
stated that Ramos was charged with a misdemeanor offense. On April 4, 2007, a grand
jury indicted Ramos with driving while intoxicated, a third-degree charge felony. See id. 
The initial offense was enhanced because Ramos had a prior conviction related to driving
a motor vehicle while intoxicated. See id. § 49.09 (Vernon Supp. 2008). The record does
not contain any amendment to the bond after indictment. On May 2, 2007, Ramos failed
to appear in court. The trial court signed a judgment nisi against Ramos and Castaneda
on May 16, 2007.

 On October 29, 2007, the trial court held a bond forfeiture hearing. At the hearing,
the court took judicial notice of the court's file without objection. However, Castaneda's
counsel objected to forfeiture, arguing that Castenda was absolved of liability on the
ground that the bond could not secure the same amount on a felony because it was written
for a misdemeanor. On November 13, 2007, the trial court ruled in favor of the State and
signed a final judgment granting forfeiture of the $500 bond. This appeal ensued.

II. Enhancement by Indictment

 In her sole issue, Castaneda contends that by enhancing Ramos's charge, the State
increased her obligations and risk as a surety and, thus, voided the original bond. 

A. Standard of Review

 Bond forfeitures are criminal matters. State v. Sellers, 790 S.W.2d 316, 321 (Tex.
Crim. App. 1990). However, article 22.10 of the Texas Code of Criminal Procedure
prescribes that civil rules shall govern all proceedings in the trial court following forfeiture. 
Tex. Code. Crim. Proc. Ann. art. 22.10 (Vernon 2009). We review a judgment of forfeiture
for an abuse of discretion. See Williamson v. State, 68 Tex. Crim. 53, 150 S.W. 892, 892
(1912) (holding that the trial court did not abuse its discretion in rendering judgment for full
amount of bond). 

B. Analysis

 Before we begin our inquiry of whether the enhancement extinguished Castaneda's
liability, we start by addressing Castaneda's argument that the bond should be dismissed
under article 17.08 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc.
Ann. art. 17.08 (Vernon 2005). Article 17.08 provides, in part, that a bail bond shall be
sufficient if it contains the following requisites:

If the defendant is charged with a felony, that it state that he is charged with
a felony. If the defendant is charged with a misdemeanor, that it state that he
is charged with a misdemeanor; . . . .


Id. art. 17.08(3).

 In Myers v. State, the court of criminal appeals considered whether a trial court
erred in granting a final judgment forfeiting a bail bond where the bond did not specifically
describe the offense as a felony or misdemeanor. 486 S.W.2d 564, 565 (Tex. Crim. App.
1972). In Myers, the offense committed by the principal was described in the bond as
"carrying a pistol," followed by the words "a felony, misdemeanor," and neither a felony nor
misdemeanor was specified. Id. The principal was later indicted for the felony of
unlawfully carrying a pistol on or about his person. Id. The statute penalizing the carrying
of a pistol "provide[d] for both misdemeanor and felony penalties depending upon the
circumstances under which the offense [was] committed and alleged in the formal
accusation." Id. The Court held that since the offense could be either a felony or a
misdemeanor, there was no violation of article 17.08(3). Id. at 565-66. Likewise, section
49.04 of the Texas Penal Code provides that driving while intoxicated is a misdemeanor
offense unless it is shown that the person has a previous conviction. See Tex. Penal Code
Ann. §§ 49.04, 49.09. Since the offense of driving while intoxicated can be either a
misdemeanor or felony, we find no violation of article 17.08(3). See Myers, 486 S.W.2d
at 565. 

 Additionally, Castaneda argues that by enhancing the charge, the State modified
her risk and obligation under the contract. She contends that the bond should therefore
be dismissed because the State's interference voids the contract. We disagree and find
that the enhancement of an offense, by itself, does not alter the underlying contract. See,
e.g., Garcia v. State, No. 04-08-000437-CV, 2009 Tex. App. LEXIS 2315, at **10-11 (Tex.
App.-San Antonio Apr. 1, 2009, no pet. h.). 

 A bail bond is a contract between the surety and the State. Reyes v. State, 31
S.W.3d 343, 345 (Tex. App.-Corpus Christi 2000, no pet.). "The contract consists of a
promise by the surety that the principal will appear before the court in exchange for a
promise by the State that it will release the principal." Id. at 346. By taking a bail bond,
Castaneda contracted with the State. See id. Castaneda promised the State that Ramos
would appear in exchange for the State's promise to release Ramos. Although Ramos's
charge was increased from a misdemeanor to a felony, by continuing to be liable for the
same bond amount, Castaneda's obligation to the State remained the same. (1) The State
fulfilled its obligation by releasing Ramos. When Ramos failed to appear in court on May
2, 2007, Castaneda failed to fulfill her obligation. Therefore, the bond was subject to
forfeiture.

 Castaneda cites Reese v. United States in support of her argument that adding an
enhancement to the indictment automatically discharges the surety. 76 U.S. (9 Wall.) 13,
21 (1869). Castaneda applies Reese to the present case only by stating that Reese is
"identical to this case" because the government "changed the charge from misdemeanor
to felony." However, in Reese, the Court held that a surety was discharged on a bail bond
where the lower court allowed the principal to return to Mexico without the surety's
agreement; Reese does not involve enhancements. Id. at 21-22. Arguably, Reese stands
only for the proposition that "where the performance of a condition is rendered impossible
by either an act of the obligee or of the law, the surety is no longer liable." Detroit Fid. &
Sur. Co. v. United States, 36 F.2d 682, 684 (6th Cir. 1930). Additionally, Castaneda fails
to reconcile her argument with article 17.09 of the Texas Code of Criminal Procedure,
which states:

Sec. 1. Where a defendant, in the course of a criminal action, gives bail
before any court or person authorized by law to take same, for his personal
appearance before a court or magistrate, to answer a charge against him, the
said bond shall be valid and binding upon the defendant and his sureties, if
any, thereon, for the defendant's personal appearance before the court or
magistrate designated therein, as well as before any other court to which
same may be transferred, and for any and all subsequent proceedings had
relative to the charge, and each such bond shall be so conditioned except as
hereinafter provided.


Sec. 2. When a defendant has once given bail for his appearance in answer
to a criminal charge, he shall not be required to give another bond in the
course of the same criminal action except as herein provided.


Tex. Code Crim. Proc. Ann. art. 17.09 §§ 1, 2 (Vernon Supp. 2008). Here, the
enhancement of the misdemeanor to a felony clearly arose out of the same criminal action. 
See, e.g., Garcia, 2009 Tex. App. LEXIS 2315, at **10-11. Accordingly, we hold that the
trial court did not abuse its discretion in rendering a judgment of forfeiture in favor of the
State. 

III. Conclusion

 Having overruled Castaneda's sole issue, we affirm the trial court's judgment.


 ROGELIO VALDEZ

 Chief Justice

 

Memorandum Opinion delivered and

filed on this the 4th day of June, 2009. 

1. Additionally, the possibility of Ramos's offense being either a misdemeanor or felony was a factor
that Castaneda could have appreciated before writing the bond. See Tex. Penal Code Ann. §§ 49.04 (Vernon
2003), 49.09 (Vernon Supp. 2008).