

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-79,497-05 & WR-79,497-06

### EX PARTE KEITH TAYLOR, Applicant

### ON APPLICATIONS FOR WRIT OF HABEAS CORPUS
### CAUSE NOS. D-1-DC-11-300144-C & D-1-DC-12-904028-C
### IN THE 390TH DISTRICT COURT FROM TRAVIS COUNTY

ALCALA, J., filed a dissenting opinion.

### DISSENTING OPINION

This is another claim of ineffective assistance of counsel addressed by this Court based on pleadings that have been presented by a *pro se* litigant. This Court's judgment denies post-conviction habeas relief in this case. Instead, I would remand this case to the habeas court for the appointment of counsel in the interests of justice, permit counsel to amend applicant's ineffectiveness-claim pleadings, and decide the ultimate merits of applicant's claim after those events. I, therefore, respectfully dissent from this Court's judgment that summarily denies relief in this case.

In my dissenting opinion in *Ex parte Garcia*, I highlighted what I view as an ongoing

and widespread problem regarding the absence of appointed habeas counsel to assist indigent applicants in pursuing their colorable ineffective-assistance claims.  *See Ex parte Garcia*, No. WR-83,681-01, 2016 WL 1358947 (Tex. Crim. App. Apr. 6, 2016) (Alcala, J., dissenting).  I explained that, in many cases, the first opportunity for a defendant to challenge the effectiveness of his attorney arises in a post-conviction habeas proceeding, but, at that procedural juncture, an indigent applicant has no established constitutional right to appointed counsel. *See id*., slip op. at 2.  Given that many indigent applicants must proceed *pro se* on habeas, I observed that claims of ineffectiveness, even those that have merit, "will almost always fail because the *pro se* applicant is unaware of the legal standard and evidentiary requirements necessary to establish his claim."  *Id.*

My dissenting opinion in *Garcia* merely recognized the problem that had already been highlighted by the Supreme Court in *Martinez v. Ryan*, in which it stated,

> Claims of ineffective assistance at trial often require investigative work and an understanding of trial strategy.  When the issue cannot be raised on direct review, moreover, a prisoner asserting [such a] claim in an initial-review collateral proceeding cannot rely on a court opinion or the prior work of an attorney addressing that claim.

*Martinez v. Ryan*, 132 S. Ct. 1309, 1317 (2012).  In addition, the Supreme Court noted that prisoners "unlearned in the law" may not "comply with the State's procedural rules or may misapprehend the substantive details of federal constitutional law." *Id*.  Moreover, it observed that prisoners, while confined to prison, are "in no position to develop the evidentiary basis for a claim of ineffective assistance, which often turns on evidence outside

the trial record." *Id.* In light of all these considerations, the Supreme Court concluded that, in order to present an ineffective-assistance claim in accordance with the State's procedures, "a prisoner likely needs an effective attorney." *Id.* Without the assistance of effective appointed counsel in a habeas proceeding, the Supreme Court recognized that such a proceeding may not be "sufficient to ensure that proper consideration [is] given to a substantial claim." *Id.* at 1318. This, it explained, was of particular concern, given that the right at stake, the right to the effective assistance of counsel, is a "bedrock principle in our justice system," without which the very fairness and accuracy of the underlying criminal proceeding cannot be guaranteed. *Id*. at 1317.

In *Garcia*, I urged this Court to take steps towards remedying this problem through the appointment of counsel for indigent applicants who have colorable ineffective-assistance claims. *Garcia*, 2016 WL 1358947, slip op. at 21. I observed that the statutory basis for appointing counsel under those circumstances already exists in Texas. In particular, I noted that Article 1.051 of the Texas Code of Criminal Procedure entitles an indigent habeas applicant to appointed post-conviction counsel whenever the habeas court determines that "the interests of justice require representation." *Id*. (quoting TEX. CODE CRIM. PROC. art. 1.051(d)). Based on that statutory authority, I suggested that this Court should remand any *pro se* habeas application to the habeas court for appointment of counsel in the interests of justice when "either the pleadings or the face of the record gives rise to a colorable, nonfrivolous [ineffective-assistance] claim." *See id*. I explained that such a course would

further the interests of justice by ensuring that substantial claims of ineffectiveness were given full and fair consideration by this Court on post-conviction review, thereby reducing the likelihood that violations of defendants' bedrock Sixth Amendment rights would go unremedied. *Id*., slip op. at 16, 30.[1]

Here, in making my determination that applicant may have a colorable ineffective-assistance claim that requires the appointment of habeas counsel in the interests of justice,

---

[1] Perhaps it could be argued that, because there is no established constitutional right to habeas counsel, this Court should never remand for the appointment of counsel in the interests of justice. But this suggestion would seriously misunderstand the nature of the complaint before us. Here, the issue is the right to effective trial counsel and the systematic failure in Texas to provide an adequate vehicle to ensure that right. Direct appeal, when an indigent defendant has an absolute right to appointed counsel, fails to adequately protect the right to effective trial counsel because most ineffective-assistance claims require evidence outside the record, and the seventy-five-day window of time for resolving a motion for new trial is usually inadequate for that process. *See Trevino v. Thaler*, 133 S. Ct. 1911, 1915 (2013) (observing that the "structure and design of the Texas system[,] in actual operation, [ ] make it virtually impossible for an ineffective assistance claim to be presented on direct review") (citations omitted). And habeas-corpus review, when an indigent defendant has no absolute right to appointed counsel, similarly fails to adequately protect the right to effective trial counsel because counsel is usually needed to properly litigate ineffective-assistance claims. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1317-18 (2012) (observing that, to adequately present an ineffective-assistance claim, a prisoner "likely needs an effective attorney"; without the assistance of counsel on post-conviction review, a prisoner's ability to present an ineffective-assistance claim is "significantly diminishe[d]"). Thus, unless indigent applicants are afforded the assistance of appointed habeas counsel to raise their substantial ineffectiveness claims, Texas essentially has no adequate vehicle for defendants to litigate that issue. The characterization of the Legislature's authorization of appointed habeas counsel in the interests of justice as a mere act of legislative grace fails to acknowledge the reality that, without some means of appointing habeas counsel in this limited area of ineffective-assistance-of-counsel challenges, Texas's system fails to ensure that defendants' Sixth Amendment rights are protected and thus raises the possibility of a constitutional violation on that basis. *See id.* at 1315 (noting that it is an open question of constitutional law "whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial"; the Constitution "may require States to provide counsel in initial-review collateral proceedings because 'in these cases . . . state collateral review is the first place a prisoner can present a[n ineffectiveness] challenge to his conviction,'" thus making the collateral proceeding his "'one and only appeal' as to an ineffective-assistance claim") (quoting *Coleman v. Thompson*, 501 U.S. 722, 755-56 (1991)).

I have (1) liberally construed applicant's pleadings that complained of ineffective assistance of counsel, and (2) examined applicant's complaints for substantive merit rather than for technical procedural compliance. This liberal approach to construing the pleadings is firmly recognized as appropriate in light of applicant's status as a *pro se* litigant. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*pro se* complaint "is to be liberally construed"); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (a *pro se* inmate's petition should be viewed liberally and is not held to the stringent standards applied to formal pleadings drafted by attorneys); *see also Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011) (filings by habeas petitioners are "entitled to the benefit of liberal construction"); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("*Pro se* habeas petitioners are to be afforded the benefit of any doubt.") (citations omitted). The United States Tenth Circuit Court of Appeals has stated,

> The mandated liberal construction afforded to *pro se* pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). It is well established that this practice of liberally construing *pro se* pleadings is a proper judicial function that does not transform a judge into an advocate for a habeas applicant. *See id.* (explaining that, although a court "should not assume the role of [an] advocate for the *pro se* litigant and may not rewrite a petition to include claims that were never presented," a court acts properly when it "look[s] carefully at the facts and the

pleadings in an effort to ascertain what occurred in prior state proceedings and the true nature of petitioner's claims").

In light of these principles, my review for whether an applicant may have a colorable claim that would justify the appointment of counsel in the interests of justice does not call upon this Court or the habeas court to make legal arguments for an applicant, nor does it require any court to become an advocate for him. Rather, by liberally reading the *pro se* pleadings and examining the face of the record to determine whether appointed counsel is required under the circumstances in order to ensure that an applicant's claims are given meaningful consideration, I am merely adhering to my judicial duties to afford *pro se* litigants wide latitude in pleading their claims and to uphold the requirements of the Code of Criminal Procedure that entitle applicants to appointed counsel when the interests of justice require it.

I further note that my proposed approach that liberally examines the pleadings and independently reviews the available record is a mild house-cat when compared to the lion's share of the much more burdensome independent judicial review of the record that has been approved of and conducted in Texas state courts for almost five decades in *Anders* cases. *See Anders v. California*, 386 U.S. 738, 744-45 (1967) (requiring appellate courts to conduct "a full examination of all the proceedings[ ] to decide whether the case is wholly frivolous," and stating that an appellate court must "pursue all the more vigorously its own review"); *Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991). In *Anders* cases, this Court requires

appellate judges to independently review the record for any arguable grounds for appeal when an appointed attorney has filed a brief asserting that there are no arguable grounds, and if the judges' independent review of the record reveals that there are arguable grounds for appeal, then the appellate court must remand the case to the trial court for the appointment of new appellate counsel. *See Stafford*, 813 S.W.2d at 511 (under *Anders*, "after receiving a brief claiming that there are no arguable grounds for appeal, *the reviewing court* must review the record to make an independent determination"). A judge's vigorous independent review for any arguable grounds of appeal in an *Anders* case is required to ensure that an appointed attorney has not erroneously asserted that there are no arguable grounds for appeal. *See id*. By requiring that judges vigorously and independently review the record for any arguable grounds of appeal in an *Anders* case, this Court has essentially already held that this type of review does not transform a judge into an advocate for a party, and that instead this is a review that honors a judge's oath to preserve, protect, and defend the Constitution and laws of the United States and of this state. And, although in *Anders* cases an appellate judge carries a heavy burden to examine the entire record for any arguable grounds for appeal on any of the numerous possible subjects that could be a basis for appeal, in contrast, in my proposed approach to post-conviction habeas cases, an appellate judge bears a much lighter burden to liberally examine the substance of the complaints in a *pro se* applicant's pleadings and to review the available record to determine whether those complaints are arguably

meritorious, and then only as to claims of ineffective assistance of counsel.[2]  I have never suggested that, in conducting this review, a judge should be an advocate for an applicant or that a judge must exhaustively scour the record for any possible claims, and such an aspersion would unfairly oversimplify and mischaracterize my position.

Applying the foregoing principles here, I would hold that applicant's pleadings are adequate to give rise to a colorable ineffective-assistance claim so as to warrant the appointment of counsel in the interests of justice.  Because he is *pro se*, applicant should not be faulted for failing to more particularly plead or prove the allegations in his application. *See Estelle*, 429 U.S. at 106 ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (citations omitted). I note that, if applicant is deprived of the opportunity to factually and legally develop his

---

[2]  Of course, *Anders* cases are different in the sense that an indigent defendant has a constitutional right to effective appointed counsel at the direct-appeal stage, whereas there is no such right, as yet, to effective appointed counsel at the habeas stage, but that would be a far too simplistic rationale for disregarding the independent-review analysis here.  As the Supreme Court has noted, the right at stake here is the right to effective trial counsel rather than the right to effective habeas counsel. *See Martinez*, 132 S. Ct. at 1318. Furthermore, as the Supreme Court has observed, the first time that a defendant in Texas likely can challenge the effectiveness of his trial attorney is in his initial habeas proceeding, thus making that proceeding more like a direct appeal as to the issue of ineffective assistance of counsel. *See Trevino*, 133 S. Ct. at 1915; *see also Martinez*, 132 S. Ct. at 1317 (observing that, when habeas proceeding is the first opportunity to raise an ineffectiveness claim, that proceeding "is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim").  Thus, the independent-review requirement that I propose bears more similarities to the *Anders* requirement than dissimilarities, in that both of them are concerned with whether an indigent defendant has arguable grounds to challenge his conviction and sentence as to those matters that he has the right to appeal in the first instance.

ineffective-assistance claim in the instant proceeding, then it is likely that he will be unable to do so in any future proceeding as a result of the statutory bar on subsequent writs. *See* TEX. CODE CRIM. PROC. art. 11.07, § 4. In order to afford applicant his one full bite at the apple in this initial habeas proceeding, and in order to ensure that applicant has been fully afforded his Sixth Amendment rights, I conclude that the interests of justice require appointed counsel and further proceedings under these circumstances. I, therefore, would not deny applicant relief at this stage but would instead remand this case to the habeas court for appointment of counsel and further proceedings as to his ineffective-assistance claim. Because the Court declines to do so and instead denies relief, I respectfully dissent.

Filed: June 22, 2016

Do Not Publish