

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,882-01

### EX PARTE ROGELIO CORTEZ MARTINEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2011-DCR-02120-C IN THE 197TH DISTRICT COURT FROM CAMERON COUNTY

**ALCALA, J., filed a dissenting opinion in which JOHNSON, J., joined.**

### DISSENTING OPINION

This is another claim of ineffective assistance of counsel addressed by this Court based on pleadings that have been presented by a *pro se* litigant. I respectfully dissent from this Court's judgment that denies post-conviction habeas relief in this case. Instead, I would remand this case to the habeas court for the appointment of counsel in the interests of justice, permit counsel to amend applicant's ineffectiveness-claim pleadings, and decide the ultimate merits of applicant's claim after those events.

As I have previously expressed in my dissenting opinions in *Ex parte Garcia* and *Ex parte Honish*, in my view, an indigent *pro se* habeas applicant is entitled to the assistance of

appointed post-conviction counsel in the interests of justice whenever either the pleadings or the face of the record gives rise to a colorable ineffective-assistance claim. *See Ex parte Garcia*, No. WR-83,681-01, 2016 WL 1358947 (Tex. Crim. App. Apr. 6, 2016) (Alcala, J., dissenting); *Ex parte Honish,* No. WR-79,976-05, 2016 WL 3193384 (Tex. Crim. App. June 8, 2016) (Alcala, J., dissenting). Without the appointment of counsel in those situations, I have observed that it is unlikely that most *pro se* applicants will be able to properly present their substantial ineffective-assistance claims, thereby increasing the likelihood that such claims will be deprived of meaningful consideration on post-conviction review and, as a result, that violations of defendants' fundamental Sixth Amendment rights will go unremedied. *See Garcia*, 2016 WL 1358947, slip op. at 2, 16; *Honish*, 2016 WL 3193384, at \*2. And, as I have observed in my prior opinions, the statutory basis for appointing counsel to an indigent *pro se* habeas applicant in the interests of justice already exists in Texas, but that statutory basis is seldom used by this Court in order to mandate the appointment of counsel in these situations. *See* TEX. CODE CRIM. PROC. art. 1.051(d)(3) ("An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in . . . a habeas corpus proceeding if the court concludes that the interests of justice require representation.").

Applying these principles here, and having liberally construed applicant's *pro se* pleadings to examine them for substantive merit rather than for technical procedural compliance, I conclude that these pleadings are adequate to give rise to a colorable

ineffective-assistance claim that would justify the appointment of counsel in the interests of justice under the current Texas statutory scheme. In order to afford applicant his one full bite at the apple in this initial habeas proceeding, and in order to ensure that applicant has been fully afforded his Sixth Amendment rights, I would remand this case to the habeas court for the appointment of post-conviction counsel and further proceedings as to applicant's ineffectiveness claims. Because the Court instead declines to do so and denies relief, I respectfully dissent.

Filed: June 29, 2016

Do Not Publish