

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-85,374-01, WR-85,374-02, WR-85,374-03 & WR-85,374-04

### EX PARTE FRED RODRIGUEZ, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. D-42,913-A, D-42,914-A, D-42,915-A & D-42,916-A IN THE 358TH DISTRICT COURT FROM ECTOR COUNTY

**ALCALA, J., filed a concurring opinion in which JOHNSON, J., joined.**

### CONCURRING OPINION

I agree with the Court's order that remands this *pro se* habeas application to the convicting court for further development of the record, but I would expand the scope of the topics to be addressed on remand. In addition to the matters discussed in this Court's remand order, I would also instruct the habeas court to consider applicant's contention that his trial counsel was ineffective during applicant's guilty-plea proceedings. I, therefore, respectfully concur in this Court's order, as written.

This Court's remand order does not expressly state why it declines to remand applicant's ineffective-assistance claim, but, given the conclusory nature of applicant's *pro*

*se* pleadings, it appears likely that the Court has determined that applicant's allegations in this regard are inadequate to give rise to any colorable basis for relief. I disagree with this approach that denies applicant the opportunity to factually develop his ineffective-assistance claim based solely on the unsophisticated state of his *pro se* pleadings. As I have previously indicated, in my view, an indigent *pro se* habeas applicant is entitled to the benefit of liberal construction when this Court reviews his pleadings to determine whether they warrant further development in the habeas court. *See Ex parte Honish*, __S.W.3d__, No. WR-79,976-05, 2016 WL 3193384, at *3 (Tex. Crim. App. June 8, 2016) (Alcala, J., dissenting). Furthermore, I have suggested that, whenever a *pro se* habeas applicant's pleadings or the face of the record gives rise to a colorable ineffective-assistance claim, then the proper course is for this Court to remand the case to the habeas court for appointment of counsel in the interests of justice so that counsel may then amend the ineffectiveness pleadings to comply with this Court's pleading standards. *See Ex parte Garcia*, 486 S.W.3d 565, 577-78 (Tex. Crim. App. 2016) (mem. op.) (Alcala, J., dissenting); *Honish,* 2016 WL 3193384, at *2-3. In support of this assertion, I have observed that the Code of Criminal Procedure mandates the appointment of counsel for a *pro se* habeas applicant whenever "the court concludes that the interests of justice require representation," which, in my view, applies to any situation in which this Court determines that a colorable claim exists for which legal expertise is needed in order to ensure that the claim is properly litigated. *See Garcia*, 486 S.W.3d at 578 (citing TEX. CODE CRIM. PROC. art. 1.051(d)(3)). Without the appointment

of counsel in such situations, I have observed that it is unlikely that most *pro se* applicants will be able to properly present their substantial ineffective-assistance claims, thereby increasing the likelihood that such claims will be deprived of meaningful consideration on post-conviction review and, as a result, that violations of defendants' fundamental Sixth Amendment rights will go unremedied. *See id.* at 574-75; *Honish*, 2016 WL 3193384, at *2.

Applying these principles here, I conclude that applicant's pleadings are adequate to give rise to a colorable ineffective-assistance claim that would justify the appointment of counsel in the interests of justice and further development in the habeas court. I, therefore, would instruct the habeas court on remand to appoint counsel, permit counsel to amend the instant ineffectiveness-claim pleadings, and make findings of fact and conclusions of law on the issue of ineffective assistance of counsel in addition to the other matters included in this Court's remand order. Because the Court declines to remand this case for consideration of the issue of ineffective assistance of counsel and instead limits the scope of the matters to be addressed on remand to the issue of whether applicant's guilty plea was voluntary, I respectfully concur in this Court's remand order.

Filed: September 14, 2016

Do Not Publish