### EX PARTE Joshua Harold GOLMON, Applicant

### NO. WR-77,724-02

Court of Criminal Appeals of Texas.

Filed: September 21, 2016

John R. Messinger, Assistant State Prosecuting Attorney, Austin, TX, Attorneys for Appellant.

Sharon Lynn Switzer, Switzer/Oney Attorneys At Law, Gainesville, TX, Lisa C. McMinn, State's Attorney, Austin, Attorneys for the State.

### CONCURRING OPINION

ALCALA, J., filed a concurring opinion in which JOHNSON, J., joined.

This is another claim of ineffective assistance of counsel addressed by this Court based on pleadings that have been presented by a *pro se* litigant. I respectfully concur in this Court's judgment dismissing applicant's claim for failure to comply with the requirements of Code of Criminal Procedure Article 11.07, Section 4. I write separately to point out that this applicant and numerous other *pro se* applicants would benefit from an explicit admonishment on the 11.07 habeas application form that any claims not raised in the initial habeas application will in all likelihood be statutorily barred in future habeas proceedings. I would accordingly urge this Court to amend its form so that *pro se* litigants are expressly made aware of the statutory bar on subsequent writs.

The habeas corpus statute limits applicants to "one bite at the apple." *See Ex parte Saenz*, 491 S.W.3d 819, 824 (Tex. Crim. App. 2016) (citing *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997)). Section 4 of Article 11.07 of the Texas Code of Criminal Procedure states,

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

TEX. CODE CRIM. PROC. art. 11.07, § 4. This provision drastically limits the types of claims that may be raised in a subsequent habeas application. The procedural bar es-

tablished by section four is high, so if an applicant fails to raise a claim in his initial habeas application, it is very likely that that claim will be lost forever, even if it was meritorious and would have entitled the applicant to relief.

Because a habeas corpus proceeding occurs at a procedural point at which a litigant has no established constitutional right to be represented by counsel, most habeas applicants are *pro se. See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (explaining that the Supreme Court has never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions). The *pro se* status of most habeas applicants presents a two-fold problem. First, due to their lack of legal expertise, they are generally unable to adequately identify and present claims. *See Martinez v. Ryan*, 566 U.S. 1, 12, 132 S.Ct. 1309, 1317, 182 L.Ed.2d 272 (2012) (observing that prisoners, "unlearned in the law, may not comply with the State's procedural rules or may misapprehend the substantive details of federal constitutional law"). For instance, habeas corpus is the preferred vehicle for raising ineffective-assistance-of-counsel claims under the standard set forth in *Strickland v. Washington*, but that standard requires a particularized showing of deficient performance and prejudice and is thus likely too demanding for an imprisoned layman to meet. *See Ex parte Garcia*, 486 S.W.3d 565, 569 (Tex. Crim. App. 2016) (per curiam) (Alcala, J., dissenting) ("In light of the demanding requirements for satisfying the *Strickland* standard, it is difficult to imagine that most *pro se* litigants untrained in the law could prevail in meeting this high standard."). Second, *pro se* applicants are unlikely to be aware of the statutory bar on subsequent writs when they file their initial applications for writs of habeas corpus, and thus they are at a particularly high

risk of forfeiting their meritorious claims by failing to properly present those claims in the initial habeas proceeding. In sum, a *pro se* habeas applicant with claims meriting relief is exposed to the dual risks of having meritorious claims denied because they were inadequately presented and having meritorious claims procedurally barred because they were inadvertently omitted in an initial habeas application.

In several recent opinions, I have discussed the difficulties *pro se* habeas applicants face in the particular context of ineffective-assistance-of-counsel claims, and I have suggested that these problems could be solved by habeas courts more broadly appointing counsel to indigent applicants in appropriate cases. *See, e.g., Garcia*, 486 S.W.3d at 578 (Alcala, J., dissenting) (urging this Court to remand *pro se* habeas application to habeas court for appointment of counsel in the interests of justice so that counsel may pursue applicant's colorable ineffective-assistance claims); *Ex parte Honish*, 492 S.W.3d 305, 307 (Tex. Crim. App. 2016) (per curiam, mem. op.) (Alcala, J., dissenting) (same). Here, however, because this is a subsequent habeas application rather than an initial application, it is too late for habeas counsel to properly develop applicant's claims. Applicant's claims are statutorily barred by the operation of Code of Criminal Procedure Article 11.07, Section 4, even though applicant was without counsel during his initial application. Applicant states that he was unaware that he could raise an ineffective-assistance-of-counsel claim at the time that he filed his initial writ application. Now, he wishes to raise the issue of ineffective assistance of counsel based on trial counsel's failure to investigate, but he cannot show either that the factual or legal basis for the claim was unavailable on the date that he filed the previous application or that, but

for a violation of the United States Constitution, no rational juror could have found him guilty beyond a reasonable doubt. TEX. CODE CRIM. PROC. art. 11.07, § 4. Section four makes no exception for applicants who do not understand which claims can be raised in an initial Article 11.07 application. Therefore, this Court is statutorily barred from considering applicant's claim on the merits and must dismiss it.

To help to avoid the likely repetition of this result in future cases, this Court should add clear language to this Court's habeas application form admonishing applicants that all claims must be raised in the initial habeas application or be forfeited. Rule 73 of the Texas Rules of Appellate Procedure requires that all applications filed under Article 11.07 be raised on the form prescribed by this Court.[1] On the instructions portion of the current mandatory form for non-death habeas applications, number six states,

> You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the claim in the form.

At the end of that paragraph, it would be prudent for this Court to consider adding an additional sentence in capital letters and in bold font stating, "YOU ARE ADMONISHED THAT ALL OF YOUR CLAIMS MUST BE INCLUDED IN THIS APPLICATION BECAUSE, DUE TO STRICT PROCEDURAL REQUIREMENTS, SUBSEQUENT APPLICATIONS ARE RARELY CONSIDERED ON THEIR SUBSTANTIVE MERITS."

Considering the drastic legal consequences of failing to raise a claim in an initial application for a writ of habeas corpus, I would urge this Court to include language on the habeas application form that expressly advises habeas applicants of the risks of procedural default so that the statutory bar on subsequent writs does not operate as a trap for the unwary. But, here, because I agree with the Court's determination that dismissal of this subsequent application is statutorily required by Article 11.07, Section 4, I concur in the Court's judgment.

---

1. The habeas application form is available on this Court's website at: http://www.txcourts.gov/media/913737/1107_WritForm01302014.pdf