EX PARTE Stanley Renard
TILLEY Sr., Applicant

NO. WR-85,129-02

Court of Criminal Appeals of Texas.

Filed: September 21, 2016

Stanley Renard Tilley, Sr., Huntsville, TX, Applicant Pro Se.

Michael E. Jimerson District Attorney, Rusk, TX, Lisa C. McMinn, State's Attorney, Austin, for the State.

For majority opinion, see 2016 WL 5348161.

## CONCURRING AND DISSENTING OPINION

Alcala, J., filed a concurring and dissenting opinion in which Johnson, J., joined.

The over eight hundred people who have been sentenced to life without parole in this state and who will spend the remainder of their natural lives in prison have no reasonable means in state court for challenging the ineffectiveness of their appointed trial attorneys. None. This means that a shoddy lawyer can render ineffective assistance of counsel resulting in an indigent defendant having to spend the remainder of his natural life in prison, and there is no way for that defendant to reasonably obtain relief from his conviction on that basis in state court. Because of this grave concern, I respectfully concur in this Court's order that remands this case for further factual development in the habeas court, but I dissent from this Court's order to the extent that it refuses to require the habeas court to appoint counsel for applicant, who is serving a life-without-parole sentence and who asserts in his *pro se* habeas application that his trial counsel rendered ineffective assistance of counsel.

The instant problem is a creation of this Court. This is because this Court has taken the position that only the habeas court—and not this Court—can require the appointment of counsel for an indigent, *pro se* habeas applicant to assist him in presenting and litigating his claims of ineffective assistance of counsel. This limited view of this Court's authority to order the appointment of habeas counsel is highly unusual, given that this Court always orders the appointment of habeas counsel for an indigent applicant when this Court has ordered a live hearing. Yet, despite the fact that the applicable statute compels the appointment of habeas counsel for an indigent habeas applicant when the court determines that the interests of justice require representation, this Court has refused to consider whether the interests of justice might require representation in any given case, and it has further refused to instruct the habeas court to appoint habeas counsel for a *pro se* applicant, even when it is abundantly apparent that the appointment of habeas counsel is necessary in the interests of justice. *See* TEX. CODE CRIM. PROC. art. 1.051(d)(3) ("An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in ... a habeas corpus proceeding if the court concludes that the interests of justice require representation."). Because of that erroneous position, indigent defendants who are sentenced to life without parole and who have received ineffective assistance of counsel are facing a significant problem in that they have no reasonable vehicle for litigating their meritorious ineffectiveness claims in state court. This deprivation of appointed habeas counsel has a particularly severe effect

upon those sentenced to life without parole, who, after filing an initial *pro se* habeas application, will be statutorily barred for life from pursuing relief in a subsequent writ, unless they can satisfy one of several extremely limited exceptions.[1] This Court could easily remedy this problem by enforcing the statutory language and ordering the appointment of habeas counsel in every case in which an indigent defendant who has been sentenced to life without parole alleges that his attorney rendered ineffective assistance of counsel. Because this Court refuses to enforce the statute that requires the appointment of habeas counsel in this case, and this Court thereby forces this indigent applicant to fend for himself despite his inability to present cogent legal arguments, I dissent from this Court's order in its omission of the requirement of appointed counsel on remand. Other than that disagreement, I generally concur in the remand of this case.

It is difficult to keep track of the numerous defendants who have been sentenced to death in the penitentiary, or life without parole, and who are being denied the right to reasonably challenge the effectiveness of their trial attorneys. Recently, I wrote a dissenting opinion in the case of Jose Angel Sarmiento, who is also serving a life-without-parole sentence, and whose *pro se* habeas application alleging ineffective assistance of counsel was denied by this Court even though he had no appointed counsel to assist him with his habeas claims.[2] This week, including this applicant, there are three more of these defendants who are being denied appointed counsel on habeas even though they have been sentenced to life without parole, and even though they are each claiming in

their *pro se* habeas applications that their trial attorneys rendered ineffective assistance of counsel. These habeas litigants largely go unnoticed because, even though they are serving one of the most severe penalties that exists in our criminal-justice system, they rarely receive the assistance of appointed habeas counsel for pursuing their post-conviction claims and thus their inadequate *pro se* pleadings are frequently summarily denied without any hearing or factual development of their claims.

This situation involving a relatively small group of prisoners who are serving sentences for life without parole is in reality one part of a broader problem facing all *pro se* habeas litigants in Texas. As I have previously expressed in several dissenting opinions, in my view, an indigent *pro se* habeas applicant is entitled to the assistance of appointed post-conviction counsel in the interests of justice whenever either the pleadings or the face of the record gives rise to a colorable ineffective-assistance claim, regardless of the length of the sentence he is serving. *See, e.g., Ex parte Garcia*, 486 S.W.3d 565, 575 (Tex.Crim. App.2016) (mem. op.) (Alcala, J., dissenting); *Ex parte Honish*, 492 S.W.3d 305, 306 (Tex.Crim.App.2016) (mem. op.) (Alcala, J., dissenting). Without the appointment of counsel in those situations, I have observed that it is unlikely that most *pro se* applicants will be able to properly present their substantial ineffective-assistance claims, thereby increasing the likelihood that such claims will be deprived of meaningful consideration on post-conviction review and, as a result, that violations of defendants' fundamental Sixth Amendment rights will go unremedied. *See Garcia*, 486 S.W.3d at 574–75; *Honish*, 492 S.W.3d at 305–06. And, as I have observed

---

1. *See* Tex. Code Crim. Proc. art. 11.07, § 4.

2. *See Ex parte Sarmiento*, No. WR–85,108-01 (Tex. Crim. App. Sept. 14, 2016) (Alcala, J., dissenting).

in my prior opinions, the statutory basis for appointing counsel to an indigent *pro se* habeas applicant in the interests of justice already exists in Texas, but that statutory basis is seldom used by this Court in order to mandate the appointment of counsel in these situations. *See* TEX. CODE CRIM. PROC. art. 1.051(d)(3). Thus, although this Court's failure to even consider requiring appointed habeas counsel in the interests of justice leads to a particularly harsh result in life-without-parole cases, the actual scope of the problem is much greater in that it affects all *pro se* inmates seeking to challenge their trial attorneys' effectiveness.

In specially addressing the problems associated with depriving life-without-parole inmates of appointed counsel to assist them in pursuing their ineffectiveness claims on habeas, I seek to highlight this specific group as one that is particularly deserving of appointed habeas counsel in the interests of justice. Given the wide recognition that *pro se* inmates are generally ill-equipped to litigate ineffectiveness issues on post-conviction review, and given the especially harsh effects of depriving life-without-parole inmates of the assistance of post-conviction counsel, in that their failure to properly present their claims in the initial proceeding will likely mean that they are forever barred from raising those claims in any future proceeding, this Court should modify its policies regarding appointed counsel for such litigants. In particular, this Court should, as a matter of course, instruct the habeas court to appoint counsel for any indigent, *pro se* inmate sentenced to life without parole who alleges that his trial attorney was ineffective, and this Court should further hold that a habeas court always abuses its discretion by failing to appoint habeas counsel for such a litigant. As a matter of law, the interests of justice will always require representation under those cir-

cumstances as a means of ensuring the integrity of the underlying criminal conviction, and as a means of ensuring that the defendant's Sixth Amendment rights are adequately protected. *See* TEX. CODE CRIM. PROC. art. 1.051(d)(3); *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 1317–18, 182 L.Ed.2d 272 (2012) (explaining that the right to the effective assistance of counsel at trial is a "bedrock principle in our justice system," without which a person "cannot be assured a fair trial") (citations omitted). Because life without parole is essentially a sentence of death in the penitentiary, this Court should ensure that defendants convicted under that statutory scheme have received a fair trial by affording them a fair opportunity to litigate their ineffectiveness claims with the assistance of appointed post-conviction counsel.

I note that, if this Court refuses to require the appointment of habeas counsel for this applicant and similarly situated applicants, as it does here, then there is a real risk that a person who has been wrongfully convicted due to ineffective trial counsel could be forever denied relief, even if a subsequent application for habeas relief could reasonably show that trial counsel was ineffective. This is because the habeas corpus statute limits applicants to "one bite at the apple," even if that one bite was by a *pro se* applicant, as here, who had no clue how to even present a habeas claim. *See Ex parte Saenz*, 491 S.W.3d 819, 824 (Tex.Crim.App.2016) (citing *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex.Crim.App.1997)); *see also* TEX. CODE CRIM. PROC. art. 11.07, § 4. In order to afford applicant his one full bite at the apple in this initial habeas proceeding, and in order to ensure that applicant has been fully afforded his Sixth Amendment rights, I would remand this case to the habeas court for the appointment of post-conviction counsel, and I would permit that coun-

sel to amend the instant pleadings before ordering further proceedings as to applicant's ineffectiveness claims. Thus, although I concur in this Court's decision to remand this case, I dissent from this Court's order to the extent that it fails to require the appointment of habeas counsel.