

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. WR-88,111-01

**EX PARTE JOHNNY CASTRO, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. D-1-DC-12-904069-A IN THE 403RD DISTRICT COURT
FROM TRAVIS COUNTY**

ALCALA, J., filed a concurring opinion.

## CONCURRING OPINION

I respectfully concur in this Court's remand order. I agree with the Court's determination that applicant has alleged facts that, "if true, might entitle him to relief" and that further proceedings in the habeas court are warranted on that basis. I, however, do not join this Court's order because I would require the habeas court on remand to appoint counsel for applicant upon request if he is indigent, regardless of whether the trial court holds a hearing. *See Ex parte Pointer*, 492 S.W.3d 318, 320-21 (Tex. Crim. App. 2016) (Alcala, J., concurring). Applicant is serving a sentence of life without parole for capital murder, and the instant post-conviction habeas proceeding likely constitutes his sole remaining opportunity to present any constitutional challenges to his conviction or sentence. Here, applicant has contended that his trial counsel was constitutionally ineffective in violation of his Sixth Amendment rights. As I have previously contended in other cases, without the

assistance of appointed habeas counsel, it is unlikely that most *pro se* applicants will be able to properly present their claims of ineffective assistance of trial counsel, thereby increasing the likelihood that such claims will be deprived of meaningful consideration on post-conviction review. *See Ex parte Garcia*, 486 S.W.3d 565, 575 (Tex. Crim. App. 2016) (Alcala, J., dissenting); *Ex parte Honish,* 492 S.W.3d 305, 306 (Tex. Crim. App. 2016) (Alcala, J., dissenting). Because life without parole is essentially a sentence of death in the penitentiary, courts must ensure that defendants convicted under that statutory scheme have a fair opportunity to litigate their ineffectiveness claims with the assistance of post-conviction counsel. As a matter of law, the interests of justice will always require representation under those circumstances as a means of ensuring the integrity of the underlying criminal conviction and ensuring the adequate protection of the defendant's Sixth Amendment rights. In order to afford applicant his one full bite at the apple in this initial habeas proceeding, and in order to ensure that he has been fully afforded his Sixth Amendment rights, I would require the appointment of post-conviction counsel in the interests of justice on remand. *See* TEX. CODE CRIM. PROC. art. 1.051(d)(3) ("An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in . . . a habeas corpus proceeding if the court concludes that the interests of justice require representation."). Because the Court's order does not require appointment of counsel, I respectfully concur in the Court's decision to remand this case, but I do not join its order.

Filed: March 28, 2018

Do Not Publish